# COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — PART III — COUNTY OF QUEENS.

## November, 1916.

## THE PEOPLE v. CHARLES MODOWSKY.

(1.) JURISDICTION—COURT OF SPECIAL SESSIONS WITHOUT JURISDICTION BECAUSE OF FAILURE TO FILE INFORMATION ALTHOUGH DEFENDANT PLEADED NOT GUILTY AND PROCEEDED TO TRIAL—SELLING SPOTTED EGGS—SANITARY CODE, § 331.

The City Magistrate, upon a deposition taken before him charging defendant with offering for sale " spot eggs " held defendant for trial in Special Sessions, remitting his papers to the district attorney, who failed to file any information as required by the statute. Defendant pleaded " not guilty " and the clerk read from the magistrate's deposition. Defendant was tried and found guilty and his motion to arrest judgment denied. *Held* error.

(2.) SAME—WAIVER.

The court acquires jurisdiction by *both* the filing of information and defendant's plea — and the trial without objection to the non-filing of the information is not a waiver.

Present—HONS. CLARENCE EDWARDS, P. J.; HENRY W. HERBERT and JOHN J. FRESCHI, JJ.

*Theodore J. Groh, Assistant District Attorney,* for the People.

*Richard F. Adams, Esq.,* for defendant.

THE defendant was arraigned before a city magistrate, accused of the crime of violating the provisions of section 331 of the Sanitary Code of the Department of Health of the City of New York in that he unlawfully held, kept and offered for

sale as food 320 pounds of " spot eggs," which were not healthy, fresh, sound, wholesome and safe for human food.    On this charge, contained in a deposition taken before the magistrate, the defendant was held for trial in the Court of Special Sessions, and the magistrate thereupon remitted all the papers to the district attorney in order that a proper information might be filed on which the defendant was to be arraigned for trial.

FRESCHI, J.:

On the facts charged and proofs adduced I am satisfied that the defendant is guilty of the act alleged in the magistrate's information.

After the holding of the defendant for trial in this court by the committing magistrate the district attorney failed to file any information as required by the statute.    However, the defendant appeared in this court and entered a plea of not guilty. When the plea was entered the clerk read from the magistrate's deposition.    The defendant was subsequently tried and adjudged guilty.    His motion to arrest judgment was denied, and now, on the reargument and reconsideration of that motion, the question of jurisdiction is raised.

My reading of the case of the People v. Perrin (170 App. Div. 375) leads me to the opinion that it is authority for the proposition that unquestionably this court, while it has the power to hear and determine this class or grade of offense irrespective of the facts charged, acquires jurisdiction of the defendant's person in this particular case " by the filing of an information and his plea thereunder."    Both of these conditions precedent must be present in every record.    Only one of these, the latter, is present.    The next question suggested, therefore, is:    Can the defendant waive the filing of such an information and can he be deemed to have waived any illegal method employed to secure his presence in court and by which his plea

to the information was obtained? Is the trial without objection under these circumstances to be deemed a waiver of the requirement that an information shall be filed? The answer is to be found, in my opinion, in the language used by Justice RICH of the Appellate Division in writing for the court, at page 276 of the Perrin case. He said, " The Court of Special Sessions of the city of New York &ast; &ast; &ast; acquires jurisdiction to hear and determine misdemeanors committed in the city through the filing of an information by the district attorney. (Code Crim. Pro., secs. 221, 741, 742, 743.) "

The defendant has certain well established rights here. He is entitled to have the specific crime set forth in an information to be filed by the district attorney. He may attack the sufficiency of the information and shall be entitled to a discharge if the facts do not constitute a crime; and I hold that where no information is filed the position of the defendant justifies the contention that if he is entitled to a dismissal because of the insufficiency of the facts charged in a given information the absolute failure, as here, to file any information is such an omission as compels the court to discharge the defendant. Section 44 of the Inferior Criminal Courts Act provides the procedure for transfer of the papers " to the district attorney for trial, upon information, by three justices in the Court of Special Sessions." And in People ex rel. New York Disposal Corp'n v. Freschi, Justice, etc. (173 App. Div. 189), it seems to be a necessary jurisdictional allegation in the information to recite the making of the order of transfer by the magistrate. The importance of having an information in this court before a trial starts goes to the constitutional protection against another prosecution for the same offense. Since this important step in the statutory requirement has not been complied with I must vote to arrest judgment in this case for lack of jurisdiction, and the district attorney should be permitted, under section 470 of the Code of Civil Procedure, to frame and file a proper informa-

tion based on the facts appearing in the complaint before the committing magistrate.

Justice HERBERT concurs.

EDWARDS, J. (dissenting):

We have in the Criminal Courts Act a provision that all the enactments which control the proceedings in the Court of General Sessions shall apply, in so far as may be proper, in the Court of Special Sessions, and we must look into the requirements of the Criminal Code in relation to proceeding in the Court of General Sessions and ascertain the proper practice in this court.

Section 285 of the Code of Criminal Procedure provides that no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of an imperfection of form, or rather by reason of an imperfection in matter of form, which does not tend to prejudice the substantial rights of the defendant upon the merits. Then section 313 provides that an indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: First. "When it is not found, indorsed and presented as prescribed in sections 268 and 272." Secondly. "When a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration." It is further provided in section 314 that if a motion to set aside the indictment be not made the defendant is precluded from afterward taking the objections mentioned in the last section.

Section 467 of the code provides: "A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty or on a verdict against the defendant upon the plea of a former convic-

tion or acquittal. It may be founded on any of the defects in the indictment mentioned in section 331.

A section of the code on which I especially rely in reaching my conclusion is section 684. " Neither a departure from the form or mode prescribed by this code in respect to any pleadings or proceedings nor an error or mistake therein renders it invalid unless it has actually prejudiced the defendant."

If this court were to attempt to try a sovereign of Europe upon an allegation of disorderly conduct the proceedings would be defective on the ground that we had no jurisdiction of the person involved. If, however, a person is subject to the authority of the court and due notice has been given him, and there has been a contact between the court and the person charged, so that the person charged has had an opportunity to defend his rights, then the jurisdiction of the person has been accomplished. Here in this particular case the defendant has appeared in court and taken part in the proceedings; he appeared here and pleaded not guilty. The Criminal Courts Act says that there are certain cases which the magistrate may send to the Court of Special Sessions for determination. These papers have been filed with the clerk of the court, they have duly come into his hands from the district attorney's office. The district attorney follows that custom. Looking at that record we find the commission of an offense by this defendant, of which offense this court has jurisdiction. There is absent the formal opening and that the district attorney makes the charge, and there is absent the signature of the district attorney, but all the essential elements of the charge of the offense are there in the papers. That paper has been read to the defendant at his pleading. It has been recognized throughout the litigation in this court, and to all intents and purposes it has served as the necessary pleading on the part of the People. I think the spirit of modern times in the improvement of procedure in court usually is to disregard technicalities, so as to prevent the waste

of time and the consideration of mere formalities.    I am of the opinion that judgment can be pronounced.

I announce, however, the decision of the majority of the court, and the motion in arrest of judgment is granted.    The decision of the court is on the ground that there is no information filed in this court.