Thomas Bagley, Plaintiff, *v.* James A. Bagley and Others, Defendants.

Supreme Court, Monroe County, March 5, 1929.

*Hubbell, Taylor, Goodwin & Moser*, for James A. Bagley, for the motion.

*Pierson & Winchell*, for the defendant Chevrolet Motor Company, opposed.

Rodenbeck, J. There are no special circumstances to warrant the examination of the defendant James A. Bagley by the defendant Chevrolet Motor Company. There is no affirmative defense set up by the Chevrolet Motor Company. It is charged with having made and sold a defective automobile, which, it is claimed, was the cause of the injuries received by the plaintiff. It is not a general practice to permit a defendant to examine a codefendant before trial, merely to aid a defense. Where such an examination is desired, there must be either an affirmative defense, which the defendant seeks to secure facts with relation to, or there must be special circumstances justifying the examination. Such circumstances existed in *Marine Trust Company* v. *Nuway Devices, Inc.* (204 App. Div. 752) in that the certificate of the notary of presentment, protest and notice was presumptive evidence of the facts certified, and gave the defendant no opportunity to cross-examine any witnesses upon the subject, shifting the affirmative substantially upon the defendant. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503.) The rule is stated by Mr. Justice Sears in *Sands* v. *Comerford* (211 App. Div. 406): " It is only under exceptional circumstances that an examination will be allowed in relation to such adverse party's own case. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503.) Whatever may be the merits of the contention that a cross-

examination of one's adverse party preliminary to trial ought to be allowed, our statute has not liberalized the practice to such an extent " (p. 407).

The defendant Chevrolet Motor Company is only concerned with the defects that the plaintiff claims existed in its car, and the details of these defects may be obtained by a bill of particulars.

The motion is granted, with ten dollars costs.

So ordered.