## GRIESSE v LANG

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10989.  Decided Jan 7, 1931

Vickery, Duffer & Vickery, Cleveland, for Griesse.

Squire, Sanders & Dempsey, Cleveland, for Lang.

MIDDLETON, PJ, MAUCK & BLOSSER, JJ, (4th Dist) sitting.

BLOSSER, J.

The question presented is one of law.  Can the directors of a corporation who have been sued individually for alleged dereliction of duty resulting in a loss to the corporation, and who have successfully defended such suit, pay out of the corporation treasury the necessary cost of attorneys' fees in defending such suit?  Numerous cases have been cited for and against the legal proposition presented. However, no Ohio case has been cited and the question has never been presented to or decided by the courts of Ohio.  It is urged that as directors act as trustees or agents for the corporation that the decisions governing trustees should apply.  It is well recognized that where a court of equity has before it a trust fund, together with the trustee and other parties to the litigation, the court having jurisdiction of the subjectmatter and of the parties, and conversant with all the circumstances surrounding the litigation, has the power to make an allowance of reasonable attorney fees to the trustee which he expended in the defense of the trust.  But no such facts are presented in this case.  In a number of cases cited by counsel in this case attorneys' fees were not allowed by the courts for the reason that the action or conduct of the directors was wrongful and not for the benefit of the trust or corporation.  But few, if any, of the cases cited are applicable to the facts presented in this case.

It is elementary that trust property can only be used for trust purposes, and that the property or funds of a corporation can only be used or expended for the advantage of the corporation or for the purposes stated in its charter.  A corporation may sell or dispose of a part or all of its assets

6

by the unanimous vote of all of its stockholders.

The plaintiffs have cited in support of their contention the case of **Figge v Bergenthal, 130 Wis 594, 109 N.W. 581,** which seems to hold that it is proper for the corporation to pay attorneys' fees for the defense of an action against the individual directors of the corporation in a suit instituted against them for fraud where they have been exonerated. But in that case such expenses were authorized by a vote of the stockholders. There is nothing in the instant case that indicates that the stockholders took any action to authorize the expenditure in question.

The Supreme Court of Wisconsin had the question presented to it in the later case of **Jesse, et al v Four-Wheel Drive Auto Co., et al, 177 Wis. 627, 189 N. W. 276,** and held:

"While under the general rule a corporation may by unanimous action of all its stockholders dispose of its property as it pleases so long as it is not against public policy, aside from this the corporation is bound by its articles of incorporation, and the authority must be found therein for its action, either expressly stated or properly inferred from the general powers conferred.

. Where suit was instituted against the directors of a corporation individually by some of the minority stockholders to cancel a sale of the stock to the directors for alleged misrepresentations the corporation can not provide funds for the defense of the suit without the unanimous vote of all its stockholders, though such defense was approved by the unanimous vote at a stockholders' meeting at which not all of the stockholders were represented and the notice for which had not stated any special business was to be transacted, and the mere interest of the corporation and the reputation of its directors being insufficient to authorize such defense."

If **Figge v Bergenthal, supra,** is authority for defendants' action it was overruled by the later case of **Jesse v Auto Company.**

There is nothing in the pleadings in the instant case to indicate that the stockholders by a unanimous vote or by any vote at all authorized the expenditure in question. There is nothing in the pleadings to indicate that the corporation received any benefit either directly or indirectly from the litigation in question. Such being the case the expenditure of the five thousand dollars was ultra vires and unauthorized.

The same rule has been announced in the case of **Godley v Crandall & Godley Co., et al, 168 N. Y. Supp. 251,** where it is said:

"Though representative actions by stockholders are presumptively in favor of, and not in antagonism to, the corporation, and though ordinarily there is no occasion to spend considerable sums of the corporation's money to defend against an action so brought, cases may arise where the interests of the corporation are injuriously threatened by such an action, or by some incidental relief sought therein, and in such cases directors may employ and pay counsel in behalf of the corporation without being charged with wastefulness. When such an expenditure is questioned the directors have the burden of showing that some interest of the corporation was in fact threatened, and that for that reason the expenditure was justified."

In the present case the burden of showing that there was some benefit to the corporation, or that some interest of the corporation was threatened, is upon the directors. There is nothing in the pleadings to indicate that the corporation had any interest whatever or was to be benefitted in any manner by the expenditure of the five thousand dollars in question.

The rule here announced has been adopted by the text writers. **Fletcher Encyclopedia Corporation, Vol. 11 (1924 Supp.) §2512** says:

"Directors may be required to return to the corporate treasury money expended by them to defend suits brought against certain directors individually which did not affect the corporation's rights, where all the stockholders did not consent to such expenditure."

The burden being on the defendant directors to show that the corporation received some benefit from the expenditure of attorneys' fees or that some interest of the corporation was conserved, and nothing in that regard being shown, and it also appearing that there was no action taken by the stockholders to authorize the payment, the action of the defendant directors in authorizing the payment out of the corporation treasury was unauthorized and illegal.

The judgment of the lower court in favor of the defendants was erroneous and is reversed. The case is remanded to the Court of Common Pleas to give the defend-

ants in error an opportunity to plead some advantage or benefit to the corporation for the expenditure in question. If no leave to so plead is desired, judgment may be entered in favor of the plaintiffs in error in the sum of five thousand dollars against the defendants in error. .

MIDDLETON, PJ, and MAUCK, J, concur.