Elizabeth R. Monahan, Appellant, *v.* Anna F. Kenny, Individually and as Executrix, etc., of Elizabeth Agnes Monahan, Deceased, and Others, Defendants.

Helen St. Clair Mullan, Judgment Creditor, Respondent.

First Department, May 29, 1936.

*Peter W. Quinn* of counsel [*Showers, Jason & Quinn*, attorneys], for the appellant.

*Edward Pious*, for the respondent.

MARTIN, P. J. The plaintiff is the owner of a beneficial life interest in twenty-two and one-half per cent of the capital stock of the Monahan Express Company and a director of the corporation. As such director she brought an action on behalf of the corporation against delinquent officers and directors, pursuant to sections 60 and 61 of the General Corporation Law, alleging that the defendants Anna F. Kenny, president, and Elizabeth Agnes Monahan, treasurer, and directors of the corporation, had withdrawn and applied to their own use between $90,000 and $100,000 of the corporate funds and committed other acts of misfeasance and waste. A trial of the action resulted in a judgment in favor of the plaintiff in the sum of $91,187.91. The judgment on appeal was unanimously affirmed by the Appellate Division and Court of Appeals. (239 App. Div. 766; 264 N. Y. 404.) During the pendency of the appeal the individual defendants caused the firm of Pfeiffer & Crames to be substituted for their attorney, Allan S. Locke. The court ordered that a bond be filed to secure to Mr. Locke the payment of his fees and disbursements. These being in dispute, Helen St. Clair Mullan was appointed referee to determine the amount to which he was entitled. The referee fixed the amount at the sum of $9,000. Upon an order to show cause, of which plaintiff had no notice, the amount payable to Mr. Locke was reduced to $7,000, and the referee awarded $1,800.66 as compensation for her services. The clerk was directed to enter judgments for said amounts against the defendants, including the Monahan Express Company. The sum of $7,000 was paid by the defendants Anna F. Kenny and Elizabeth Agnes Monahan to Mr. Locke. The referee, however, was not paid for her services. She entered a judgment therefor against the defendants. This judgment the plaintiff moved to vacate as against the corporate defendant.

The motion should have been granted. The corporation was merely a nominal party defendant to the action. It was in reality a plaintiff. Its interests were in direct conflict with those of the individual defendants in control of the corporation. The decree should have provided that any sums recovered from the defendants be paid to the corporation. (*Holmes* v. *Camp*, 180 App. Div. 409, 412.) Under the aforesaid circumstances there clearly is no

liability on the part of the corporation for the fees of the attorney for services rendered to the individual defendants. As a necessary corollary it follows that the corporation is not chargeable with the expense of determining the fee payable by the individual defendants to their attorney. It would be manifestly unjust to permit this judgment to continue of record against the corporation. It is alleged by the plaintiff that the corporation is now being embarrassed by a third party order served by the respondent upon the Union Dime Savings Bank, a mortgagee of premises of the corporation holding an assignment of rents. It is alleged that by said order the bank has been stayed from making necessary disbursements for the operation and maintenance of the mortgaged property. The court has the inherent power to correct or vacate or modify an erroneous judgment in the interest of justice. (*Matter of City of Buffalo,* 78 N. Y. 362, 370; *Flanson Realty Corp.* v. *Workers' Unity House, Inc.,* 229 App. Div. 179, 183.) Such power should have been exercised in the case at bar.

The order should be reversed and the judgment vacated as to the defendant Monahan Express Company Realty Department, with twenty dollars costs and disbursements to the appellant.

McAvoy, O'Malley, Townley and Dore, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.