CHARLES CHAPLIN, Suing on Behalf of Himself and All Other Stockholders of UNITED ARTISTS CORPORATION, Similarly Situated, Plaintiff, *v.* DAVID O. SELZNICK et al., Defendants.

Supreme Court, Special Term, New York County, October 26, 1945.

*Herbert P. Jacoby* for plaintiff.

*Chester Bordeau* for David O. Selznick and another, defendants.

*Dwight, Harris, Koegel & Caskey* for 20th Century Fox Films Corporation, defendant.

*O'Brien, Driscoll & Raftery* for United Artists Corporation, defendant.

SHIENTAG, J. This is a derivative stockholder's action. United Artists Corporation, in whose behalf the suit is brought, is joined as a defendant. It has filed an answer, has denied the essential allegations of the complaint and has asked that the complaint be dismissed. Other defendants have, in their answers, pleaded affirmatively: ratification, estoppel and laches. They now seek to examine before trial the president of United Artists Corporation with respect to those affirmative defenses. Notice of this examination has been served upon the plaintiff, who moves to vacate it.

Ordinarily, one defendant may not examine a codefendant before trial unless the one seeking the examination has asked for affirmative relief against the defendant whose examination is sought. A derivative stockholder's suit is an anomaly in the law. Nowhere have its characteristics been more clearly or succinctly stated than in an opinion by Mr. Justice SCOTT, speaking for the Appellate Division of the First Department, in which he said: "Representative actions by stockholders are unique in that they are not prosecuted by the stockholder plaintiff for his own direct benefit, or in his own direct right, or because any right of his has been directly violated or because he is entitled individually to the relief sought. Such actions are, as they are commonly designated, purely representative, the plaintiff being permitted to maintain the action, notwith-

standing his lack of direct interest, solely to set the machinery of justice in motion, and to prevent what would otherwise be a complete failure of justice. (3 Pom. Eq. Juris. [3d ed.] 2123.) This form of action is an invention of equity, and stockholders are allowed to resort to it, notwithstanding a lack of direct interest in the relief sought because, as it has been said, ' the claims of justice would be found superior to any difficulties arising out of technical rules respecting the mode in which corporations are required to sue.' (*Foss* v. *Harbottle,* 2 Hare, 461, 492.) The part which a stockholder plays in such an action is merely that of an instigator. The cause of action is that of the corporation, and the recovery must run in its favor." (*Holmes* v. *Camp,* 180 App. Div. 409, 412.)

The views thus expressed find support in many of the cases. In *Continental Securities Co.* v. *Belmont* (206 N. Y. 7, 15) the court said: " The cause of action belongs to the corporate body and not to the plaintiffs and other stockholders individually, nor to the body of stockholders collectively." In *Potter* v. *Walker* (252 App. Div. 244, 245) it was held that " in a representative derivative action a stockholder who brings the same is not the real plaintiff, but merely the 'instigator' of the action." In *Wallace* v. *Lincoln Savings Bank* (89 Tenn. 630, 648) the court said: " * * * this kind of suit is, at last, but the suit of the corporation for its benefit and upon its right of action. If for any reason the corporation is estopped from suing, or its action is barred, the suit by the stockholder or creditor is likewise affected." In *Monahan* v. *Kenny* (248 App. Div. 159, 160) it was held: " The corporation was merely a nominal party defendant to the action. It was in reality a plaintiff." And finally, in this very case, on another point in the Court of Appeals, the plaintiff was characterized as " the nominal plaintiff * * * the ' instigator ' of the action on behalf of United " (*Chaplin* v. *Selznick,* 293 N. Y. 529, 532).

But it is urged that United Artists has associated itself with the defendant by denying the allegations of the complaint and asking for its dismissal. Here we must distinguish between the corporation as a separate juristic entity and the management of the corporation. The management, the board of directors, may take a position antagonistic to a claim asserted on behalf of the corporation. That antagonistic position gives a stockholder the right to take the matter out of the hands of the management and to bring his action in a representative capacity on behalf of the corporation. The corporation itself can take no position in a derivative stockholder's suit which is

fundamentally antagonistic to the claim asserted on its behalf. That is the whole theory which is behind a derivative stockholder's action.

If the claim, which is the basis of the derivative stockholder's action, had been asserted on behalf of the corporation by its own board of directors, the defendants clearly would have had the right to examine that corporation with respect to the affirmative defenses interposed. Through the medium of a derivative stockholder's action, the law in effect has said: Since the management itself will not bring suit a minority stockholder may do it with the same force and effect, and subject to the same limitations, as if the action had been brought by those charged with the duty of administering the affairs of the corporation. So far as the defendants are concerned, it makes little, if any, difference who has brought the action. The essential character of a cause of action belonging to the corporation remains the same, whether the suit to enforce it is brought by the corporation or by a stockholder.

Sections 288 and 289 of the Civil Practice Act are broad in language and in scope. They are broad enough to cover the situation here presented and there is no reason why those sections should be circumscribed in their operation. Notwithstanding its answer, any recovery here will be for the benefit of United Artists. The facts upon which that recovery may be defeated lie with it rather than with the plaintiff. Fundamentally its interests are in opposition to those of the moving parties. It is unnecesssary, therefore, to consider the other questions raised by the defendants seeking the examination: That United Artists Corporation is the original owner of the right to the alleged claim or that there are special circumstances which should impel the court to allow the examination other than those already set forth.

The items on which the examination is sought are proper and are allowed. Let the examination of United Artists Corporation, by its president, Edward C. Raftery, proceed at Special Term, Part II, of this court on November 30, 1945, at 10:30 A.M., or at such other time and place as the attorneys for the respective parties may agree. Settle order on notice.