**1014**

**BAILEY et al. v. McLELLAN et al.**

No. 4197.

Circuit Court of Appeals, First Circuit.

Feb. 24, 1947.

Milton S. Gould, of New York City (Henry M. Leen, of Boston, Mass., and Samuel H. Kaufman, of New York City, on the brief), for appellants.

Sidney H. Willner, of Philadelphia, Pa. (Roger S. Foster, and Alfred Hill, both of Philadelphia, Pa., on the brief), for S. E. C.

Robert A. B. Cook, of Boston, Mass. (J. N. Welch, of Boston, Mass., and Louis G. Bernstein, of New York City, on the brief), for appellees J. N. Welch, R. A. B. Cook and Louis Bernstein.

George B. Rowlings, of Boston, Mass. (Tyler & Reynolds, of Boston, Mass., on the brief), for George B. Rowlings, appellee.

William J. Hession, of Boston, Mass. (Hugh D. McLellan, of Boston, Mass., on the brief), for McLellan et al., appellees.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

These are consolidated appeals from orders of the district court allowing compensation to attorneys for services rendered in litigation involving the Aldred Investment Trust.

On October 1, 1941, Gordon B. Hanlon bought at public auction 110,000 common shares of the Aldred Investment Trust, which had been pledged to the Chase National Bank. That purchase gave him voting control of the Trust with power to elect and remove trustees and officers, to fix the compensation of the latter and to dominate its policies. On March 8, 1944 a complaint was filed in the district court by Charles F. Stratton, owner of certain debentures, against the Aldred Investment Trust et al., charging that the Trust was hopelessly insolvent; that there was gross and wanton waste in the management of the business and affairs of the Trust and gross and wanton abuse of trust

on the part of the officers and trustees. The complainant prayed for the appointment of a receiver to take over the assets and liquidate the Trust and for an injunction to restrain the officers and trustees from interfering with the receiver in the management and direction of the affairs of the Trust.

An answer was filed denying any such mismanagement and abuse of trust and alleging that the complainant was entitled neither to the appointment of a receiver nor the liquidation of the Trust. At the conclusion of the trial, which was held in June, 1944, decision was reserved until the case of the Securities and Exchange Commission v. Aldred Investment Trust et al., which had been filed on May 19, 1944, was tried. Under a stipulation entered into by the parties all the testimony, depositions and exhibits in the Stratton case were incorporated into and added to the testimony in the S.E.C. case, which contained the additional charge that the defendants, as officers and trustees, were guilty of gross misconduct and gross abuse of trust within the meaning of Section 36 of the Investment Company Act of 1940, 15 U.S.C.A. § 80a—35. The defendants made a general denial and sought to establish a full and complete defense to the suit against them.

The case proceeded to trial and on January 19, 1945, the district court found the officers and trustees guilty of misconduct and gross abuse of trust and appointed receivers with power either to reorganize or liquidate the Trust. The court also found it unnecessary to pass upon the merits of the Stratton case because it stated that the relief prayed for in that case was fully granted in the S.E.C. case and dismissed the complaint without prejudice. This court affirmed the judgment of the lower court. Reference is made to the opinion of the district court reported in Securities and Exchange Commission v. Aldred Inv. Trust, D.C., Mass., 1945, 58 F.Supp. 724 and the opinion of this court reported in 1 Cir., 1945, 151 F.2d 254 for a full and complete statement of the facts involved in this litigation. A petition for writ of certiorari was denied by the Supreme Court, 1946, 326 U.S. 795, 66 S.Ct. 486. Although the Trust was hopelessly insolvent at the time this litigation began, its assets have risen in value so that it now has cash and securities of a market value of $8,590,750.05 or $2,690,750.05 in excess of the aggregate par value of $5,900,000 of the outstanding debentures of the Trust.

The district court allowed a petition by Stratton, the plaintiff in Stratton v. Aldred Investment Trust et al., to intervene in the proceedings of the S.E.C. case subsequent to affirmance by this court of the appointment of receivers, and a petition for allowance of reasonable compensation of counsel for Stratton for services rendered and for disbursements incurred by them in an amount exceeding $1,000, was heard. An order was entered allowing compensation to Messrs. J. N. Welch, R. A. B. Cook and Louis Bernstein, counsel for Stratton, in the sum of $75,000 in full payment for the services rendered and disbursements incurred by them.

In support of this petition Mr. Welch stated that Mr. Cook and Mr. Bernstein, his associates, began work in this matter in 1942, and that some time later he became associated with them; that the combined hours of himself and his associates spent on this work was 2100; if this time were figured purely on an hourly basis at $40 an hour, without regard to the result obtained, it would amount to a fee of over $80,000. He stated that in his opinion a fair fee would be $125,000.

The petition of George B. Rowlings for allowance of reasonable compensation as counsel for intervenors, H. Isaiah Smith and Arthur P. Hudson, Receivers for Fidelity Assurance Association, a bondholder of the Trust, for services rendered and for disbursements incurred by them in an amount exceeding $200 was considered and an order was entered granting allowance in the sum of $14,000 for such services and disbursements. In support of this petition Mr. Rowlings stated that he, together with his associates, who were members of the firm of Swiger, Chambers & Kelley, of New York, and the firm of Koontz & Koontz of West Virginia, had

worked in excess of 310 hours and that a fair fee would be $20,000.

The appellants contend that the compensation of $75,000 allowed to Messrs. Welch, Cook and Bernstein is vastly in excess of the value of the services they performed and should be reduced. They also contend that the allowance of $14,000 to Mr. Rowlings should be disallowed because his services merely duplicated the work of Messrs. Welch, Cook and Bernstein and the Securities and Exchange Commission.

In the proceedings which resulted in the appointment of receivers, the complainants sought to rescue the Trust from waste and destruction arising from the neglect or misconduct of the officers and trustees. The record in the Stratton case and the efforts of Mr. Welch and his colleagues greatly aided in the successful prosecution of the Commission's case, both in the district court and in this court. Mr. Rowlings and Mr. Palmer of Koontz & Koontz participated in the preparation and trial of the Stratton case and their efforts too were of great assistance in the preservation and protection of the corpus of the Trust. They also presented a brief as amici curiæ in the Circuit Court.

■ The allowance of the above fees rests in the sound discretion of the district court and considerable latitude should be allowed. May v. Midwest Refining Co., 1 Cir., 1941, 121 F.2d 431, certiorari denied, 1941, 314 U.S. 668, 62 S.Ct. 129, 86 L.Ed. 534, citing Trustees v. Greenough, 105 U.S. 527, 537, 26 L.Ed. 1157. See also Colley v. Wolcott, 8 Cir., 1911, 187 F. 595; Hornstein, The Counsel Fees in Stockholder's and Derivative Suits (1939), 39 Columbia Law Review 784. Where the trial judge has personal knowledge of the various proceedings in the litigation and a thorough understanding of the character of the services rendered, he should have a broad discretion in such matters. Gochenour v. Cleveland Terminal Bldg. Co., 6 Cir., 1944, 142 F.2d 991, 995, certiorari denied, 1944, 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614. After reviewing the record and considering the objections made

to these allowances, we are unable to say that they are excessive or unreasonable, or that the trial judge, who had intimate, personal knowledge of the services rendered, abused his discretion in making them.

■ Another petition for allowance of compensation was filed by Hugh D. Mc-Lellan and William J. Hession, attorneys for the Trust and its trustees and officers, and the lower court after a full hearing allowed this petition and granted compensation to them in the sum of $50,000 for such services and $398.50 for disbursements. The Trust was merely a nominal defendant and the purposes of the suits brought by Stratton and by the S.E.C. were to protect its assets from the manipulations of the officers and trustees, who were charged with gross misconduct and gross abuse of trust, and, by the appointment of receivers and the issuance of an injunction, to remove the corpus of the Trust from any further abuse and place it in the hands of persons who would work for its security and protection. Cf. Monahan v. Kenny, 1936, 248 App.Div. 159, 288 N.Y.S. 323. These were the benefits running directly to the Trust which was in immediate need of them and it is in no sense fair or equitable to charge the Trust with an expense incurred in an attempt to deprive it of this protection. The Trust was insolvent and Hanlon and his associates were interested in continuing control for their own benefit and not for the benefit of the Trust.

The services of counsel for the defendants were rendered in an attempt to set up a defense for Hanlon and the others and not in obtaining benefits for the Trust. Hanlon was found guilty of gross abuse of trust and the only benefit which the Trust could receive would be his removal. This, counsel sought to avoid. To allow fees to them for such services would be to compensate them for seeking to continue the control of Hanlon and his associates, to the detriment and impoverishment of the Trust, as it now appears.

Immediate liquidation was not the purpose of the suit and any claim for services

because of the protracted litigation during which the corpus of the Trust was enhanced is without merit. The fact that the market for securities rose during this protracted period and that the sale of the Racing Association stock was an advantageous one, was mere chance and does not entitle counsel to compensation for services rendered in defense of officers and trustees charged with abuse of trust. Although counsel no doubt acted in good faith in defending Hanlon and his associates against the charge made in the complaint, this conflicted with the best interests of the Trust and they are not entitled to compensation from the Trust itself.

Analogous to the above claim are cases which involve corporate officers and directors who seek to be allowed reasonable attorney's fees for an unsuccessful defense of shareholder derivative suits brought to charge them with misdeeds in office. See Note (1944) 152 A.L.R. 909. There corporate benefit is the crucial test. See Monahan v. Kenny, supra; New York Dock Co. v. McCollum, 1939, 173 Misc. 106, 16 N.Y.S.2d 844, 849; Hornstein, supra, pp. 798, et seq. And the personal defendants, the directors or officers, are not permitted to make the corporation bear the expenses which they incurred in defense of their own misconduct. Likewise where as here the attorneys sought to defend the trustees and officers of an investment trust against charges of abuse of trust and misconduct, the trust corpus should not be charged with the costs of such unsuccessful defense. No benefit accrued to the Trust from such unsuccessful defense.

The granting of allowances for compensation and disbursements to counsel for the defendants in the Stratton case and the S.E.C. case was error on the part of the district judge. Griesse v. Lang, 37 Ohio App. 553, 175 N.E. 222 (1931); Chabot & Richard Co. v. Chabot, 109 Me. 403, 84 A. 892 (1912); see Hornstein, supra, p. 816.

The orders of the District Court allowing compensation and disbursements to Messrs. Welch, Cook, Bernstein, and to George B. Rowlings, are affirmed; the order allowing compensation to Messrs. McLellan and Hession is reversed, and the case is remanded to that court for proceedings in conformity with this opinion.