**BAILEY et al. v. PROCTOR et al.**

No. 4313.

Circuit Court of Appeals, First Circuit.

Feb. 20, 1948.

Milton S. Gould, of New York City (Henry M. Leen, of Boston, Mass., and Samuel H. Kaufman, of New York City, on the brief), for appellants.

Edward O. Proctor, of Boston, Mass. (Stephen C. Struffolino, of Lawrence, Mass., on the brief), for Proctor and others, receivers.

Robert H. Davison, of Boston, Mass., for Wm. J. Minsch and others, appellees.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The affairs of the Aldred Investment Trust are before us for the fourth time. For a full discussion of the history of this trust, reference is made to our earlier opinions, since the facts will be only briefly summarized here.

The trust, which was organized in 1927 as a Massachusetts trust was registered with the Securities and Exchange Commission as a closed-end, non-diversified management investment company. In 1944 the trust had outstanding $5,900,000 face amount of 4½% debentures maturing in 1967. To each debenture was attached ten shares of non-par common stock for each $1,000 of principal amount of debentures so that there were 59,000 non-detachable shares of common stock. In addition there were outstanding 112,500 "free" common shares, not attached to debentures. From 1937 on, the trust was insolvent and for several years it was unable to meet interest requirements on the debentures. In 1944 actions were brought by the Securities and Exchange Commission and a debenture holder for appointment of a receiver, liquidation of the trust, and an injunction against the management, which consisted of the holder of most of the free stock and his nominees. The management was found guilty of gross abuse of trust within the meaning of the Investment Company Act of 1940, 54 Stat. 841, 15 U.S. C.A. § 80a—35, and enjoined from further acting for the trust. Receivers were appointed to reorganize or liquidate the trust. Securities and Exchange Commission v. Aldred Investment Trust, D.C.Mass.1945, 58 F.Supp. 724. The judgment of the

district court was affirmed by this court (1 Cir., 1945, 151 F.2d 254), and certiorari was denied by the Supreme Court (1946, 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483). Subsequent to the affirmance by this court, the appellants in the present case purchased 110,000 of the free shares and also acquired a small portion of the debentures. They intervened in the receivership proceedings and filed numerous petitions and motions, the ultimate object of which was to secure a termination of the receivership and a continuance of the trust.

As a result of an appreciation in value of certain of the securities in the trust portfolio, the trust became solvent some time in 1945. On April 24, 1946 the appellants filed a petition for reorganization of the trust and for termination of the receivership and restoration of the property of the trust to the trustees. The appellants conceded that prior to the termination of the receivership the trust should be reorganized to prevent a recurrence of the events which led to the receivership, and consequently they proposed a plan of reorganization. The Securities and Exchange Commission opposed appellants' petition and prayed that the requested relief be denied and that the trust be liquidated. On June 5, 1946 the appellants filed another plan of reorganization. Other plans were submitted to the court by intervenors representing the debenture holders. On June 10, 1946, a hearing was held on the several proposed plans. The court on that day issued a memorandum stating none of the proposed plans was fair or feasible. Judgment was entered on June 19, 1946 denying the appellants' prayer for termination of the receivership, disapproving the reorganization plans and ordering the receivers to liquidate the trust. On appeal by the present appellants to this court, we affirmed the decision of the district court by a judgment entered February 24, 1947, and remanded the case to the district court for further proceedings in accordance with our opinion. Bailey v. Proctor, 1 Cir., 160 F.2d 78. Certiorari was denied by the Supreme Court on June 2, 1947 (331 U.S. 834, 67 S.Ct.

1515), and the case was thereafter remanded in accordance with the mandate of this court.[1]

On June 19, 1947 the district court entered an order directing the receivers of the trust to pay all of the outstanding debentures at the face amount thereof plus accrued interest. In lieu of the 59,000 common shares which were attached to the debentures, the former debenture holders were to receive 59,000 unattached common shares. This order has been carried out and the debentures, with minor exceptions, have been turned in. Of the 171,500 outstanding shares, the appellants own 110,000; the former debenture holders own 59,000, and the remaining 2,500 are held by others. As of October, 1947, the assets of the trust totaled approximately $2,000,000.

On October 20, 1947 the appellants presented a motion in the district court for an order "supplementing" the judgment of the district court entered on June 19, 1946, ordering the receivers to liquidate the trust. The attorneys for the appellants had conferred with the Securities and Exchange Commission, with the receivers, and with the debenture holders committee in order to devise some method consistent with the standards of the Investment Company Act and with the principles expressed in this court's opinion of February 24, 1947 (1 Cir., 160 F.2d 78) of preserving to shareholders who wished to cash in their shares the right to do so, and at the same time preserving to shareholders who wished to retain their shares any advantages therein.

The motion requested that upon the completion by the receivers of the payment of all the debenture holders the management and control be restored to the trust and the receivership be terminated; and that shareholders who desire to retain their stock rather than obtain the liquidation value thereof be allowed to elect trustees to manage and operate the trust. The motion stated that upon securing control of the trust the appellants would take steps to bring the trust into conformity with certain provisions of the Investment Com-

[1] Another aspect of the affairs of the trust was before us in Bailey v. McLellan, 1 Cir., 1947, 159 F.2d 1014, certiorari denied 1947, 331 U.S. 834, 67 S.Ct. 1516. which involved allowance of attorneys' fees

pany Act of 1940, with which the trust was not compelled to conform since it was established before 1940. It was also provided that a written notice in a form to be approved by the court would be sent to each shareholder advising him of the pro rata liquidation value of his shares, and that payment thereof would be made to him unless within 60 days thereafter he elected in writing not to take payment but to continue as a shareholder of the trust. This notice would call the shareholders' attention to the tax consequences of either course they might wish to follow and to the fact that the appellants would be the controlling shareholders of the trust. The appellants also made representations to the court as to the type of transactions the trust would engage in, who the trustees would be and their qualifications, and the maximum salaries and compensation which would be paid the officers and trustees.

At the hearing of the motion in the district court, attorneys for the Securities and Exchange Commission stated that the Commission had no objection to the application being granted provided that the form of the notice to be addressed to the shareholders be approved by the Commission. The receivers stated that they had no objection to the granting of the application. On November 6, 1947 the court filed a memorandum decision denying the motion for the "supplemental" order and granting an alternative request filed by the receivers who had asked for an order of partial distribution in the event that the motion for the "supplemental" order was denied. The receivers were ordered to make an immediate payment to each shareholder of $6 per share.[2]

On November 13, 1947 this court granted a stay pending disposition of this appeal.

The questions presented to us now are whether the district court had power to supplement or modify its judgment of June 19, 1946, ordering the receivers to liquidate the trust, after the judgment had been affirmed by this court, and certiorari denied, and, if the district court had such power, whether the denial of the appellants' motion constituted an abuse of discretion.

■ In the absence of an appeal from the prior judgment, the district court would have complete power to consider the new plan submitted to it, despite its earlier order of liquidation. A court has power to modify its prior judgments or orders in cases still pending as long as no final order has been issued, and the jurisdiction of the court continues. Neither the "term rule" nor Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, precludes this. Simmons Co. v. Grier Bros., 1922, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; Indemnity Ins. Co. of North America v. Reisley, 2 Cir., 1946, 153 F.2d 296, certiorari denied, 1946, 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629; American United Life Ins. Co. v. Haines City, Fla., 5 Cir., 1941, 117 F.2d 574; cf. In re Barnett, 2 Cir., 1942, 124 F.2d 1005, 1012; see Marconi Wireless Telegraph Co. v. United States, 1943, 320 U.S. 1, 47, 63 S.Ct. 1393, 87 L.Ed. 1731; Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.J. 623, 639-643 (1946). The receivers, who have appeared and filed a brief in this court in support of the district court's order, contend that the district court has no such power in the present case to modify its prior judgment since it was

---

[2] The district judge's memorandum is as follows:

"Sweeney, J. The so-called free shareholders (as distinguished from those whose shares were attached to the bonds) have filed a motion for an order supplementing the judgment entered June 19, 1946. The effect of an order such as is requested by the motion would be to allow all shareholders to decide whether or not they want to liquidate their stock in the Aldred Investment Trust, or to retain it until some future time. The avowed purpose of the motion is to avoid at this time the payment of the Federal income tax which will be assessed on the capital gain that may result from the present liquidation of their shares. I do not deem such a purpose sufficient justification for continuing this Trust.

"The motion for a supplemental order is therefore denied.

* * * * * * *

"An alternative request filed by the receivers, for an order for partial distribution in the event that the motion for a supplemental order is denied, is allowed, and the receivers are ordered to make, forthwith, a payment to each shareholder in the amount of $6.00 per share."

affirmed by this court in Bailey v. Proctor, supra. The contention is that this court affirmed an order of liquidation and that the district court is powerless to consider a plan which does not provide for liquidation, but instead allows continuation of the trust.

■ The appellants contend, however, that the plan they have now proposed is in accord with the mandate since it is merely one way to carry out liquidation. They interpret "liquidation" as only connoting the conversion of all the assets to liquid form and the payment of all creditors. They argue that an order to "liquidate" does not require payment in cash of any remaining proprietary interest. It is difficult to accept this contention. All the parties in the prior litigation realized that dissolution of the trust was at stake. Even the appellants recognized that fact; their brief contained references to the disastrous consequences which would follow if the shareholders were compelled to accept a liquidation price for their stock. Our decision quite clearly contemplated dissolution of the trust. The reorganization plans which had been presented to the court had all been disapproved. There was no alternative to dissolution then. The cases relied upon by us to support our decision were cases in which corporations or trusts were to be completely dissolved and the assets distributed to the creditors and stockholders. See cases cited in 1 Cir., 160 F.2d at pages 81, 82. It is clear that the liquidation we there approved meant the entire dissolution of the trust.

The appellants point out, however, that our prior decision was concerned with protection of the bondholders and termination of the trust's unsound financial structure. They argue that the district court would not be disregarding the mandate of the upper court if it allowed a plan which corrects these features. Although it is true that protection of the debenture holders was the mainspring of our earlier decision, that decision did affirm an order of a complete liquidation. We are inclined to think that the proper course of action would have been for the appellants to petition us for leave to file the new plan with the district court for its consideration, if they thought the circumstances had so changed as to require a modification of that order. Since this was not done, we could dispose of the case on the ground that the district court was powerless to modify its order. But this question was not raised before the district judge and he evidently assumed that he had power to grant the petition. He considered the plan on its merits and decided not to vary the liquidation order. If we were to dispose of the case by holding that the district judge had no power to grant the motion, and later grant a petition giving the district judge leave to consider the plan, without giving any intimation of our views on his exercise of discretion, it would involve a repetition of the entire process. Doubtless he would adhere to his original views on the correctness of his position, and we would be faced with the issue again. Since the district judge ruled on the order as a matter of discretion, and since the question of discretion was argued before us, we shall consider that point, treating the appellants' prayer in this case as equivalent to a petition for leave to have the district judge consider the question and granting the petition nunc pro tunc. Thus we shall finally dispose of the case here as if the district judge had power in the first instance.

■ So considering the question, we think the trial judge abused his discretion in not approving the plan. All the former objections to the continuation of the trust have been removed. The debenture holders have been paid in full; thus, there is no question of the shareholders speculating with other people's money. All shareholders who desire to withdraw will be allowed to do so and will receive their full pro rata share. The appellants have agreed to bring the trust into conformity with the Investment Company Act; the Securities and Exchange Commission, which in all the previous proceedings pressed for dissolution, has now stated that it has no objection to continuation of the trust in the proposed form. Full notice will be given to all the shareholders of what is proposed, of their alternative choices, and of the proposed new management of the trust. The notice is subject to the approval of the Securities and Exchange Commission and the court.

We can see no real objection to the new plan. It appears to deal fairly with the interests of all concerned. Since no one will be injured, we see no reason not to allow the present equitable owners of the trust property to decide what to do with their own money. The appellants will obtain certain tax advantages if the trust is allowed to continue in its present form which would be lost if a new trust had to be organized. But it is no reason to deny the shareholders the right to control their own funds that they desire to minimize taxes by lawful means.

The receivers have argued that it will be inequitable to allow continuation of the trust, since the debenture holders were paid off at face amount plus interest and they did not receive the call premium of 5% provided in the trust instrument. They maintain that the call premium was not paid because the trust was to be liquidated, and that the premium would have been paid if it were known that the trust was to continue. In answer to this the appellants say that the premium did not have to be paid in any event since it is due only upon a voluntary call by the trust and not if the call is compelled by a court order.

Needless to say, we do not pass upon that question or in any way intimate an opinion as to the correctness of either of the contentions since the question of the premium is not now before us. It is only necessary here to point out that the debenture holders can in no way be injured by continuation of the trust. If the trust is completely liquidated now, they stand to receive nothing else. If the trust is allowed to continue they can be no worse off. Whether the debenture holders are entitled to receive the premiums now because the trust is to continue must be decided by the district court in the first instance on a proper petition.

The receivers also urge as an objection to granting the order the lateness of the proposal. They claim that the proposed plan should have been put forth at the time the various other plans were considered. Doubtless, the reason the appellants did not do so was that, upon advice of counsel, they thought at the earlier stage that the district court did not have power to order the payment of the debentures and the liquidation of the trust; and hence at that time it did not occur to them to propose the plan now in question, which contemplates continuance of the trust in the hands of those shareholders who choose not to withdraw, with all outstanding debentures paid off in full. Appellants proved to be mistaken in the legal position they argued on the earlier appeal but their arguments were not unsubstantial or frivolous. There is a public interest in terminating the receivership as soon as may reasonably be done and in not allowing previous orders to be reopened continually. But since no one will be prejudiced by the modification of the liquidation order, as proposed, we do not think the plan should be rejected merely because of the delay due to the earlier appeal by these appellants on questions of law which were fairly litigable. As was said by L. Hand, J.: " * * * there can be considerations more imperative than the despatch of judicial business, even after delays * * *. If the legally protected interests of any opposing parties are fully preserved, it is not a good reason to deny others any reasonable chance to protect their own interests that they have been long in asserting them." Knight v. Wertheim & Co., 2 Cir., 1946, 158 F.2d 838, 844 certiorari denied sub nom. McGuire v. Equitable Office Building Corporation, 1947, 331 U.S. 818, 67 S.Ct. 1307, 1308.

The order of the District Court of November 6, 1947 is vacated in its entirety and the case is remanded to that Court for further proceedings not inconsistent with this opinion.