## SECURITIES AND EXCHANGE COMMISSION v. ALDRED INV. TRUST et al.

### Civil Action No. 2805.

District Court, D. Massachusetts.

March 22, 1948.

Robert H. Davison and Haussermann, Davison & Shattuck, all of Boston, Mass., for Bondholders' Committee, Minsch et al.

Charles C. Cabot and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for intervenors Railway & Light Securities Co., Massachusetts General Hospital, and Bond Investment Trust of America.

Milton S. Gould and Kaufman, Gallop, Climenko, Gould & Lynton, all of New York City, and Henry M. Leen, of Boston, Mass., for intervenors Frank Bailey et al.

SWEENEY, District Judge.

There is before me a motion of the Bondholders' Committee seeking an order for the

payment of the 5% premium on shareholders' debentures provided for by Section 10 of the Debenture Agreement, which reads as follows:

"The debentures issued hereunder are subject to redemption at the option of Aldred Investment Trust on any interest payment date prior to Maturity, as a whole ,but not in part, at the principal amount thereof and accrued interest thereon to the date fixed for redemption, together with a premium of 7% of the principal thereof if redeemed on or before December 1, 1937 and if redeemed after December 1, 1937 together with a premium of 7% of the principal amount thereof less 1% for each full five year period elapsed since December 2, 1932."

The free shareholders, meaning the holders of shares not attached to debentures, oppose the allowance of such a motion. The Securities and Exchange Commission also opposes the motion. The Railway and Light Securities Company, The Massachusetts General Hospital, and The Bond Investment Trust of America, have been allowed to intervene and have argued in support of the motion.

A similar motion filed by this same Committee was denied on June 19, 1947. The basis of that denial was that an order of liquidation, terminating the entire trust, had been in effect for exactly one year at that time. This order of liquidation had been approved by the Circuit Court of Appeals, and the Supreme Court had refused to grant certiorari. Bailey v. Proctor, 331 U.S. 834, 67 S.Ct. 1515. When the order of liquidation was made there was no plan of reorganization which was fair or feasible, and the time limit for filing such plans had expired. It was the position of this Court, in denying the prior petition for the premium, that the liquidation of the trust did not come within the terms "redemption at the option of Aldred Investment Trust" as used in Section 10 of the Debenture Agreement, because it was anticipated that the liquidation of the trust would result in dispensing with the trust structure. The Circuit Court of Appeals, in affirming that decision (1 Cir., 160 F.2d 78, at page 83), stated:

"The Act itself does not require the liquidation or reorganization of existing investment companies which do not conform to the new statutory standards. But when a court of equity has exercised its jurisdiction to appoint receivers of an investment company pursuant to a complaint charging gross abuse of trust on the part of the trustees or officers, we deem it proper for the court, in determining what would be the appropriate remedy in order to afford complete relief, to take account of the fact that the capital structure is not in conformity with the standards and safeguards which Congress has now written into law."

But the situation has now changed. On October 20, 1947, the free shareholders presented a motion to this Court for an order supplementing the June 19, 1946, order of liquidation. The Court denied this motion and, on appeal, 1 Cir., 166 F.2d 392, the Circuit Court of Appeals found that it had abused its discretion in so deciding and, as a result of that decision, this Court has entered an order which provides in substance for the retention of the trust structure by the free shareholders. Any other shareholders who desire to retain their interest in the trust are to be permitted to do so. It is anticipated, however, as a practical proposition, that no one but the holders of free stock will retain their interest in the trust.

The opponents of the motion for the order herein rely chiefly upon a line of cases, of which Otis & Co. v. Securities & Exchange Commission et al., 323 U.S. 624, 65 S.Ct. 483, 89 L.Ed. 511, is typical, and which are proceedings brought as a result of a Congressional act, and not proceedings dictated by a court of equity seeking to make a fair and equitable distribution of assets in its hands, in conformity not only with the contractual rights of the parties but with the usual equitable doctrines of fairness to all parties.

The opponents of the motion have also cited cases (see Cleveland Trust Co. v. Consolidated Gas, Electric Light & Power Co. of Baltimore et al., 4 Cir., 55 F.2d 211, and City Nat. Bank & Trust Co. of Chicago v. Securities and Exchange Commission et al., 7Cir., 134 F.2d 65) which are to the

effect that, where any distribution is made by legal compulsion as distinguished from voluntary action of the proper officers of the trust, the premium cannot be paid. I think that the situation before us is distinguishable from the cases cited last above, or from the Otis case, supra.

When the Securities and Exchange Commission initiated this action charging abuse of trust on the part of the then trustees (who had, incidentally, been elected by the free shareholders), the trust was then under water. The then trustees would not liquidate the trust but were attempting to hold it intact until 1967 for their own personal gain. The Securities and Exchange Commission sought the removal of these trustees and the liquidation of the trust for the benefit of the debenture holders. I think that anyone who viewed the trust at the time when this action was first filed would recognize that the trustees should have exercised the "option" of redeeming the debentures and closing the trust. That changed conditions have improved the value of the debentures is of no consequence. At the moment, the then trustees were accused of, and found by the Court to be, using the assets for their personal benefit. So long as they could use the money of the debenture holders for the purpose of investment in other fields where they might obtain large salaries, they would never do the obvious and proper thing of calling the debentures and liquidating the trust. The trust in fact was not earning its interest requirements and this alone should have called for the exercising of the option of redemption so as to prevent further inroads into the assets of the debenture holders. The basis of the action of the Securities and Exchange Commission in seeking the appointment of receivers to replace the trustees was that the trustees were derelict in their duty in failing to liquidate the trust and redeem the bonds for whatever value they then had. In other words, there was no one who would exercise the discretion vested in the trustees to determine whether the option to redeem should be exercised. Had the then trustees acted as they should have acted, there is no doubt that the debenture holders would have been entitled to the premium if the premium were there with which to pay them. By good management on the part of the receivers and by the selling of securities and property at the proper time, the trust is now entirely solvent and, over and above the money necessary to pay the bonds in full even with the premium, there is a vast profit which has inured to the free shareholders.

As has been previously pointed out, the present free shareholders bought their stock with full knowledge of the taint which it had acquired in the hands of the previous owners. They bought squarely into the middle of a lawsuit. I assume, for the purpose of this decision, that the former owners of this free stock do not have a present interest in it. Nevertheless, in measuring the equities between the debenture holders, who were the persons being defrauded by the activities of the former owners of of the free shares, and the trustees elected by those shares, and the present free shareholders, I am inclined to think that the Court should recognize the situation in its entirety and not be bound by too narrow a construction of what is meant by the option of the trust in calling the debentures. It was necessary for the Securities and Exchange Commission, an independent governmental agency, to seek a court order which, in substance, called for the liquidation of this trust. When the Court ordered the liquidation of the trust there were no trustees to exercise the option. In such a situation equity and good conscience call for the payment of the premium to the debenture holders.

It is inconceivable that these free shareholders would be left with this trust structure unless the bonds had been redeemed. Since they are able to retain the trust structure because the receivers have paid off the face value of the bonds, then the Court's order of liquidation of the debentures should be interpreted as the act of those who were appointed to exercise properly the option to redeem in place of the former trustees who would not.

The motion for the order is allowed.