## BAILEY et al. v. PROCTOR et al.
### No. 4387.

United States Court of Appeals
First Circuit.
Jan. 17, 1949.

Milton S. Gould, of New York City (Henry M. Leen, of Boston, Mass., on the brief), for appellants.

Edward O. Proctor, of Boston, Mass., for appellees receivers.

Richard Bancroft, of Boston, Mass. (Putnam, Bell, Dutch & Santry, of Boston, Mass., on the brief), for appellee Putnam, Bell, Dutch & Santry.

Before MAGRUDER, Chief Judge, and MARIS (by special assignment) and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court, entered July 29, 1948, making a final joint allowance of compensation to the two receivers of Aldred Investment Trust, and further making an allowance of compensation to the law firm of Putnam, Bell, Dutch & Santry. We are quite familiar with this receivership as a result of our consideration of numerous previous appeals. Securities and Exchange Commission v. Aldred Investment Trust, 1 Cir., 1945, 151 F.2d 254, certiorari denied 1946, 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483; In the Matter of Bailey et al., Petitioners, 1 Cir., 1946, 156 F.2d 980; Bailey v. McLellan, 1 Cir., 1947, 159 F.2d 1014, certiorari denied 1947, 331 U.S. 834, 67 S.Ct. 1516, 91 L.Ed. 1848; Bailey v. Proctor, 1 Cir., 1947, 160 F.2d 78, certiorari denied 1947, 331 U.S. 834, 67 S.Ct. 1515, 91 L.Ed. 1847; Bailey v. Proctor, 1 Cir., 1948, 166 F.2d 392; Bailey v. Minsch, 1 Cir., 1948, 168 F.2d 635, certiorari denied 1948, 335 U.S. 854, 69 S.Ct. 83.

The receivers were appointed on January 19, 1945, pursuant to a complaint filed in the court below by the Securities and Exchange Commission charging the management of the trust with "gross abuse of trust" within the meaning of § 36 of the Investment Company Act of 1940, 54 Stat. 841, 15 U.S.C.A. § 80a—35. At the hearing in the district court on the petition for allowance of compensation, counsel for the Commission stated that, in so far as the petition by the receivers was concerned, the Commission believed that the allowance of the amount claimed was within the sound discretion of the court, and he stated further that, with regard to the application of Putnam, Bell, Dutch & Santry, the Commission took no position for the reason that it was not sufficiently aware of the extent of the services rendered. Upon consideration of the record, we conclude that the sums awarded in the order now under appeal fell within the allowable limits of the district court's discretion.

The order of the District Court is affirmed.