CLARISSA M. FENWICK, as Limited Administratrix of the Estate of FREDERICK FENWICK, Deceased, Plaintiff, *v.* ANTOINETTE C. KAPPLER et al., Defendants.

CLARISSA M. FENWICK, Plaintiff, *v.* ANTOINETTE C. KAPPLER et al., Defendants.

Supreme Court, Special Term, Monroe County, April 8, 1954.

*Edward R. Macomber* for New York Central Railroad, defendant.

*Frederick J. Wilkens* for Antoinette C. Kappler and another, defendants.

ROBERTS, J. The plaintiff, Clarissa M. Fenwick, and her deceased husband, Frederick Fenwick, were passengers in an automobile involved in a crossing accident with a train of the New York Central Railroad. The actions are brought against the owner and operator of the automobile and the railroad as defendants. The defendants Kappler and Weisenborn, the owner and operator respectively of the automobile, served a notice to examine the codefendant, New York Central Railroad, before trial. No pleading has been served pursuant to section 264 of the Civil Practice Act, raising any controversy as between the defendants. The defendant, New York Central Railroad, on this motion seeks to vacate the notice for said examination.

Section 288 of the Civil Practice Act which has remained unchanged since 1926, provides in part as follows: "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action." In spite of the broad language of this section the earlier decisions refused to permit an examination by one defendant of a codefendant where no issues existed as between such defendants. (*Brown* v. *Bedell,* 234 App. Div. 90; *Bagley* v. *Bagley,* 134 Misc. 305.) These decisions were based upon the reasoning that the defendant seeking the examination did not have the affirmative of any of the issues in the action. In *Parodis* v. *Hearn Dept. Stores* (178 Misc. 191, affd. 267 App. Div. 951, motion for reargument and leave to appeal denied 267 App. Div. 984), the court recognized that the general rule prohibited such examinations but there allowed an examination because there was an existing controversy between the defendants. In *Chaplin* v. *Selznick* (186 Misc. 66), the court stated that ordinarily such an examination would not be allowed but did in fact allow the examination because of the nature of the action which was a derivative stockholders' action.

In *Frost* v. *Walsh* (195 Misc. 391, affd. 275 App. Div. 1017) the Third Department allowed an examination by one defendant of a codefendant as to the matters material and necessary to his own defense in the action although there were no issues as between the defendants. In *Johansen* v. *Gray* (279 App. Div 108), the Second Department refused to follow the *Frost* case and denied such an examination. The reasons given by the court were twofold: first, that in the absence of any issues between the defendants the examination was not material and necessary and, second, that under the rule of the Second Department an examination before trial in a tort case would not be permitted to a party who did not have the burden of proof.

In the ordinary negligence case the facts and circumstances surrounding the happening of the accident are certainly necessary and material to the defense of such an action. They are just as necessary and material to a defendant as they are to a plaintiff prosecuting the action. The absence of any issue between codefendants would not make the evidence sought any less material or necessary so far as the defense of the plaintiff's cause of action is concerned. It would seem to follow that the real reason for denying such examinations was based upon the fact that the party seeking the same did not have the affirmative as to any of the issues to be litigated in the case.

The foregoing cases were all decided prior to the adoption of rule 121-a of the Rules of Civil Practice, which became effective July 1, 1952. This provided in part as follows: '' In any action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party, his agent or employee as prescribed by sections 288 and 289 of the Civil Practice Act, regardless of the burden of proof.'' Since the adoption of this rule, the right to an examination can no longer be denied a party merely because he does not have the burden of proof. The obstacle has now been removed which appears in the past to have been persuasive in causing the denial of examinations between defendants. There is no longer any reason to deny any party to an action the right to examine any other party as to any facts which may be necessary and material either to the prosecution or defense of the action.

At the argument of the motion the attorneys for the respective parties agreed to submit for determination the question of the right to the examination and reserving for future determination the particular scope of such examination.

Motion to vacate is denied and the examination may be had as to all of the relevant facts and circumstances in connection with the accident which are necessary or material to the defendants Kappler and Weisenborn in connection with their defense of the actions.

Submit order on three days' notice.