Martin F. Powers, Plaintiff, *v.* August Marrone et al., Defendants.

Supreme Court, Special Term, Nassau County, July 27, 1954.

*Louis G. Turen* for plaintiff.

*John E. Dolan, Jr.,* for August Marrone and another, defendants.

*William G. Warburton* for John J. Travers, defendant.

Huntington, J. Plaintiff, a pedestrian, sues to recover for personal injuries he allegedly suffered as the result of a collision between a taxicab owned by the defendant Marrone and operated by defendant Romaglia on the one hand, and an automobile owned and operated by defendant Travers, on the other hand.

Defendant Travers served notice of examination before trial of one of the codefendants, namely Joseph Romaglia. Defendants Marrone and Romaglia now join in a motion to vacate said notice of examination. Defendant Travers files an affidavit of his attorney, William G. Warburton, sworn to June 30, 1954, stating that said affidavit is " in support of a cross-motion for an order of this Court to examine the defendant Joseph Romaglia and in opposition " to the aforesaid motion to vacate. However, no notice of cross motion appears to have been given; and said affidavit is, therefore, deemed to be only an affidavit in opposition to the motion to vacate.

174

The defendants Marrone and Romaglia have interposed an answer containing only a general denial without any cross complaint against the defendant Travers. The affidavit of William G. Warburton, Esq., attorney for defendant Travers, sworn to June 30, 1954, and submitted on this motion states: '' The answer of defendant Travers in substance admits that an accident occurred at the time and place alleged and that the plaintiff came in contact with one of the two motor vehicles owned by the respective defendants; it denies any negligence on the part of defendant John J. Travers.''

No copy of the answer of the defendant Travers is furnished on this motion and it does not appear that such answer contains a cross complaint against defendants Marrone and Romaglia.

The movants rely mainly on *Bagley* v. *Bagley* (134 Misc. 305), decided at Special Term in March, 1929, followed and sustained by *Johansen* v. *Gray* (279 App. Div. 108), as authority for vacating the notice of examination. Both of these cases were decided prior to the addition of rule 121-a to the Rules of Civil Practice in July, 1952. This rule expressly declares: '' In any action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party, his agent or employee as prescribed by sections 288 and 289 of the Civil Practice Act, regardless of the burden of proof''.

Since the amendment, two decisions, namely *Joseph* v. *Dannetel* (115 N. Y. S. 2d 58) and *Fenwick* v. *Kappler* (205 Misc. 594), have held that rule 121-a supersedes the prior decisions holding that in the absence of cross complaints and issues as between themselves, an examination of one codefendant by another codefendant is not permitted. Other Special Term decisions appearing only in the New York Law Journal hold that the decisions in *Bagley* v. *Bagley* (*supra*) and *Johansen* v. *Gray* (*supra*), are still the law. The Special Term decisions reported only in the Law Journal are cited in the affidavit of Louis Lewison, Esq. (Mr. Dolan's associate), sworn to July 16, 1954. In my opinion, the express wording of rule 121-a and the present judicial rulings which increase liberality in permitting examinations before trial (in spite of the Special Term decisions to the contrary, noted above), amply sustain the view that rule 121-a is intended to permit examination of a party defendant by another party defendant even though there are no cross complaints. It may be desirable to have the law clarified by a controlling decision of an appellate court; but in the absence of any such decision rendered since the adoption of rule 121-a, this

court follows *Joseph* v. *Dannetel* (*supra*) and *Fenwick* v. *Kappler* (*supra*); and the motion to vacate the notice of examination is denied.

Submit order.