(97 Misc. Rep. 30)

## TIM v. HAWES.

(Supreme Court, Appellate Term, First Department.  October 25, 1916.)

1. LIBEL AND SLANDER ⊜⊸9(3)—ACTIONABLE WORDS—INJURY IN PROFESSION.
Spoken of a lawyer, the words, "He does not practice the law, because he has been disbarred," constitute a slander per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 82; Dec. Dig. ⊜⊸9(3).]

2. LIBEL AND SLANDER ⊜⊸123(6)—QUESTION FOR JURY—MALICE.
In an action for slander, where defendant testified that his relations with the plaintiff had always been pleasant, and where it might be inferred from the circumstances attending the speaking of the alleged slanderous words that they were merely spoken thoughtlessly, it was the duty of the court to submit the question of defendant's malice to the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 363; Dec. Dig. ⊜⊸123(6).]

3. LIBEL AND SLANDER ⊜⊸124(8)—MALICE—INSTRUCTION—"RECKLESSNESS."
In an action for slander, instructions not alluding to the subject of malice, and merely stating that, if defendant spoke the words complained of wantonly or recklessly, the jury might award punitive damages, without stating that "recklessness" in such case did not mean a mere absence of ordinary care, but imported either such gross carelessness or such total indifference to the rights of others as warranted a finding of willingness to inflict injury, or a want of proper regard for the rights of others, were erroneous, in not plainly stating what was malice, justifying punitive damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 369; Dec. Dig. ⊜⊸124(8).

For other definitions, see Words and Phrases, First and Second Series, Recklessness.]

4. LIBEL AND SLANDER ⊜⊸120(2)—MALICE—PUNITIVE DAMAGES.
The basis of punitive damages is actual malice, and the plaintiff, in an action for slander, to justify an award of punitive damages, must establish the fact of actual malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 351; Dec. Dig. ⊜⊸120(2).]

5. LIBEL AND SLANDER ⊜⊸112(2)—ACTUAL MALICE—PRESUMPTION AND BURDEN OF PROOF.
Actual malice, as a basis of punitive damages for slander, cannot be presumed, but must be proven as a fact in the case by a preponderance of the credible evidence.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 329; Dec. Dig. ⊜⊸112(2).]

6. LIBEL AND SLANDER ⊜⊸112(2)—EVIDENCE—ACTUAL MALICE.
Actual malice, as a basis for punitive damages in an action for slander, may be established by proving actual ill will, that the words complained of are couched in such language and so plainly exhibit hatred as to warrant an inference of actual ill will, by showing such gross negligence and carelessness as to indicate a wanton disregard of the rights of others, or by showing that the false words are of an atrocious or extreme character.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 329; Dec. Dig. ⊜⊸112(2).]

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by David Tim against Gilbert Ray Hawes. From a judgment in favor of the plaintiff for the sum of $1,092.03 damages and costs, and from an order of the City Court denying a motion for new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Gilbert Ray Hawes, of New York City, in pro. per.

Kleiner & Kleiner, of New York City, for respondent.

SHEARN, J. [1] Spoken of a lawyer, the words, "He does not practice the law, because he has been disbarred," constitute a slander per se. It is difficult to conceive of a charge that would more seriously prejudice and injure a lawyer in his profession.

The verdict is not contrary to the evidence, or against the weight of the evidence, and the court did not err in the reception or rejection of evidence. Nevertheless, the judgment cannot stand, for the learned trial justice did not charge the jury adequately or correctly on the issue of punitive damages.

[2] The defendant testified that his relations with the plaintiff had always been pleasant; furthermore, it was readily inferable, from the circumstances attending the speaking of the slanderous words complained of, that they were spoken thoughtlessly and with what amounted merely to a lack of ordinary prudence. It therefore became the duty of the court to submit to the jury as an issue of fact whether the defendant was actuated by malice. Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722.

[3] The learned trial justice, however, never once alluded to the subject of malice in his charge, although the action sounds in malice. The jury was merely instructed that, if it was found that the defendant spoke the words complained of,

"in addition to the actual damage, if you find the defendant wantonly or recklessly made the statement, out of a wanton or reckless disregard for the plaintiff's reputation and character in the community, and without a proper regard for his rights, then you have a right, in addition to compensation, to award the plaintiff what we call punitive or exemplary damages; that is, an additional sum as a fitting punishment to the defendant for such rash conduct on his part, and also as a protection to society and as a warning to the defendant and to others against the repetition of a similar offense, because manifestly it is a serious thing to have a statement of this character made of one who is a member of the bar."

Of course, it is true that wantonness and recklessness may establish malice, which in turn warrants punitive damages; but it should always be made plain to the jury that it is malice, and nothing but malice, that justifies adding smart money to compensatory damages. The jury should also have carefully stated to them what "recklessness" means, when employed as a basis for finding malice warranting the imposition of punitive damages. They should be made to understand that it does not mean a mere absence of ordinary care, but that it imports either such gross carelessness or such total in-

difference to the rights of others that they are warranted in finding either a willingness to inflict injury or such a criminal indifference to the rights of others as amounts to a spirit of mischief.

[4-6] It is now settled beyond question, in suits for libel or slander, that:

"In order to justify the jury in awarding a sum beyond mere compensation, the plaintiff must establish the fact of actual malice, and must do so by a fair preponderance of evidence." Cohalen v. New York Press Company, 212 N. Y. 344, 106 N. E. 115.

It has required a good deal of litigation to make this matter entirely clear, as will be noted by a perusal of the cases of Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722, Brandt v. Morning Journal Association, 81 App. Div. 188, 80 N. Y. Supp. 1002 (affd. 177 N. Y. 544, 69 N. E. 1120), Carpenter v. New York Evening Journal Publishing Co., 111 App. Div. 266, 97 N. Y. Supp. 478, Amory v. Vreeland, 125 App. Div. 850, 110 N. Y. Supp. 859, and Bingham v. Gaynor, 135 App. Div. 426, 119 N. Y. Supp. 1010.

From these cases, the law governing the award of punitive damages in cases of libel and slander may be thus summed up: The basis of punitive damages is actual malice. Actual malice cannot be presumed, but must be proved as a fact in the case by a preponderance of the credible evidence. Actual malice may be established as follows: (1) By proving actual ill will. In addition to the ordinary methods of proving ill will, the words complained of may of themselves afford the proof, where, for example, an attack is couched in such venomous language and so plainly exhibits hatred as to warrant an inference of actual ill will. (2) By proving such gross negligence and carelessness as indicates a wanton disregard of the rights of others. (3) When the words complained of are proved as a fact to be false, if they are of a heinous, atrocious, or extreme character, that, too, is evidence of actual malice.

Accordingly, in this case, where the question of malice was not submitted to the jury at all, and there was no adequate explanation to the jury of the basis upon which an award of punitive damages must rest, the exception to the charge in this particular was well taken.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.