WALTER HOLLIEN, Respondent, v. TARRYTOWN DAILY NEWS, INC., Appellant. — Judgment reversed on the law and a new trial granted, costs to abide the event. In our opinion, the article complained of is libelous *per se* if the jury finds that the article referred to plaintiff, and the charge of the learned trial court in this respect was correct. It was, however, error to charge " that this is not a case for nominal damages of six cents." (See *Amory* v. *Vreeland*, 125 App. Div. 850.) It was also error to charge that " the law presumes malice from which punitive damages follows." It is well settled that punitive damages cannot be awarded by the jury in the absence of proof of express malice. (*Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58; *Krug* v. *Pitass*, 162 id. 154, 160; *Bresslin* v. *Star Co.*, 166 App. Div. 89; *Tim* v. *Hawes*, 97 Misc. 30.) For the same reason, the refusal of the court to charge at the defendant's request that there could be no punitive damages where there was no proof of malice in fact was error. We also think that the jury had a right, under

the authorities above cited, to consider as to whether the publication of this article was made with such gross negligence and carelessness as to indicate a wanton disregard of plaintiff's rights, and, if they so found, they could infer express malice and might award punitive damages. Upon the new trial, therefore, plaintiff, upon proper proof, may recover such damages as the jury may find he has sustained by reason of the publication of the article complained of, and the jury should be properly instructed on the subject of both compensatory and punitive damages. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.