STEPHEN J. FROST et al., Plaintiffs, *v.* AVERY WALSH et al., Defendants.

Supreme Court, Special Term, Rensselaer County, June 20, 1949.

*Morton M. Z. Lynn* and *E. Stewart Jones* for plaintiffs.
*Morris Simon* and *Bernard Simon* for Avery Walsh, defendant.
*Paul F. Donohue* for John Drummond, defendant.

mond, and the second by the defendant Walsh to vacate a notice

for the taking of his testimony before trial similarly served by

his codefendant Drummond.

ELSWORTH, J.  The plaintiffs' causes of action are grounded in negligence and arise out of a collision between automobiles owned and operated by the two defendants respectively.  It appears that while the said cars were being driven in the same direction, the Drummond car in which two of the plaintiffs were riding as passengers ran into the rear of the Walsh car when it stopped suddenly.

Two motions are here for determination.  The first by the said two plaintiff passengers to vacate a notice for the taking of their testimony before trial served by the defendant Drummond, and the second by the defendant Walsh to vacate a notice for the taking of his testimony before trial similarly served by his codefendant Drummond.

The scope of the examination sought under each notice is the same:  " All of the facts and circumstances surrounding an occurrence on February 26th, 1948 at about 3:00 P.M. on Route 9 near Glens Falls, New York when a collision occurred between cars driven by John Drummond and Avery Walsh."

Under the decision of the Appellate Division, Third Department, made as far back as 1942, in *Stiles* v. *Davis* (265 App. Div. 985), the examination now sought of the two plaintiff passengers would even then seem to have been proper and permissible.  Certainly it must be so held today when considered in the light of the pronounced broad and liberal attitude of that court toward examinations before trial.  The motion to vacate such notice of examination is denied.

Determination of the second motion to vacate cannot be made with the same dispatch.  This presents the question of the propriety of one defendant in a negligence action examining his codefendant where neither pleads for affirmative relief as against the other under section 264 of the Civil Practice Act.

A brief allusion to the background of the present applicable statutory provision is in order.  Section 870 of the Code of Civil Procedure, which was the forerunner of the present section 288 of the Civil Practice Act, made provision for the taking of the deposition of a party to an action " at his own instance or at the instance of an adverse party, or by a co-plaintiff or co-defendant ".  Pursuant to such provision, depositions could be taken only upon an order.  When the Civil Practice Act was enacted in 1920, and section 288 thereof was substituted for said section 870 of the Code of Civil Procedure, all reference to " co-plaintiff or co-defendant " was dropped.  The new section, as amended at the same legislative session (L. 1920, ch. 926)

read as follows: "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that *of an adverse party*, which is material and necessary in the prosecution or defense of the action." (Emphasis supplied.) Later, in 1926 (L. 1926, ch. 371) said section 288 was amended by substituting for the words "of an adverse party" the words "of any other party". There has been no subsequent change of language.

The day — not too far back and undoubtedly of cherished memory to many of the older members of the Bar — when parties to a lawsuit and their counsel contested at arm's length and with hands concealed, is gone. The trial then was perhaps a joust calling for greater resourcefulness on the part of counsel groping as they were in the ignorance of each other's knowledge of the facts. The practice, however, was neither conducive to a trial's acceleration nor always helpful to its just outcome. It strongly worked against adjustment between parties without the necessity of a trial.

Its shortcomings so recognized, an unmistakable trend has been developing to make available to litigants through the medium of examinations before trial all the facts pertaining to the particular transaction involved. In illustration, the following is quoted from the recent decision of the Appellate Division, First Department in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11, 13): "As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial. Professional opinion, in the light of experience, has steadily moved in favor of broadening the permissible scope of examinations. The Federal courts, under the Federal rules, have moved all the way from not countenancing examinations at all to a free examination of parties and witnesses. The Judicial Council has recommended allowing each party to examine the other, without regard to the burden of proof. In England a general discovery of evidence before trial is permitted."

It appears that an examination of a defendant by his codefendant under the circumstances here sought has not been officially sanctioned in this State by reported judicial decision. This cannot be permitted to stand in the way of its allowance if otherwise merited and authorized. Someone must blaze the trail. Section 288 of the Civil Practice Act permits "any party to an action" to examine "any other party" where the testimony

is " material and necessary in the prosecution or defense of the action." Thus, the statute places no limitation upon the parties subject to examination, nor does any reason suggest itself for holding that the testimony of one defendant in a negligence action may not be material and necessary to his codefendant's defense of the action. The doctrine that the burden of proof is the criterion of materiality and necessity, which if ever recognized in the Third Department has long since been discarded, has now been judicially repudiated by the Appellate Division, First Department. (*Dorros, Inc.,* v. *Dorros Bros., supra.*)

Possible abuse or hardship is not foreseen as resulting from the examination of this defendant by his codefendant. No inhibition has been found to exist under the statute. Its allowance is wholly in keeping with the modern viewpoint upon the question. The motion to vacate is denied.

Submit orders. The same may fix the time and place of the respective examinations and before whom the same are to be held.