INGRID JOHANSEN, as Administratrix of the Estate of DIDRICK JOHANSEN, Deceased, Plaintiff, *v.* FLOYD A. GRAY, Appellant, and NEEDES EXPRESS, INC., Respondent, et al., Defendants.

Second Department, November 19, 1951.

*Henry Hirschberg* and *Charles W. Jenkins* for appellant.

*N. Le Van Haver* (*Richard B. Overbagh* with him on the brief), for respondent.

CARSWELL, Acting P. J. Plaintiff brought an action for the wrongful death of her husband. . She laid the venue in Orange County. Decedent was a passenger in an automobile operated by defendant Gray when it collided with an abutment of a bridge, maintained by the City of Newburgh, due to alleged negligence of defendant Gray and defendant Needes Express, Inc., in the operation of a car and truck respectively. She joined these three as parties defendant. They answered separately. No cross complaint was served by the defendant Needes Express, Inc., against codefendant Gray.

The defendant Needes Express, Inc., as permitted by rule 63 of the Rules of Civil Practice, made a motion in an adjoining county, to wit, Ulster County (Third Department) to examine its codefendant Gray before trial. The Special Term granted the motion, on the authority of *Frost* v. *Walsh* (275 App. Div. 1017 [3d Dept.]). The order was entered in Orange County ( Second Department).

(a) The practice which regulates the conduct of an action is that which obtains in the county in which the venue of the action is laid. That basic principle has been disregarded herein. A different view would encourage and permit motions, in actions, for ulterior purposes.

(b) The right to have an examination of a party before trial must now be found in a statute or validly adopted rule. Section 288 of the Civil Practice Act contemplates the taking of testimony to resolve an issue of fact between parties to an action insofar as it arises from the pleadings of those parties to each other. There is no provision in statute or rule authorizing an examination of a party to an action by another party thereto (as distinguished from examining him as a witness) in respect of an issue of fact unless it arises from pleadings between such parties. Testimony is not " material and necessary " (Civ. Prac. Act, § 288) unless it relates to an issue of fact which so arises. Here there is no issue of fact between defendant Needes Express, Inc., and defendant Gray arising from their pleadings. Until such an issue so appears, an examination may not be permitted, as there is no basis upon which a determination can be made in respect of the burden of proof.

(c) Moreover, if an issue of fact did exist between these two parties, the rule in this department which would have to be applied herein is that ordinarily in tort cases examinations of a party are not to be had by or accorded to an adverse party unless the pleadings show that he has the burden of proof on the issue involved. (*Rosen* v. *Bendix Home Appliance, Inc.,* 277 App. Div. 997; *McDougall* v. *News Syndicate Co.,* 275 App. Div. 1052; *Oshinsky* v. *Gumberg,* 188 App. Div. 23; Tripp's Guide to Motion Practice [Rev. ed.], p. 159.) This rule is subject to certain well-defined exceptions. They usually relate to commercial, contract, or fiduciary matters, where, in the exercise of a sound legal discretion, the interests of justice require the examination of one party by another party even though the latter does not have the burden of proof on the issues involved. (*Matter of Kahn,* 274 App. Div. 900, and cases cited therein.)

For these reasons, so far as *Frost* v. *Walsh* (275 App. Div. 1017, *supra*) is to the contrary, it may not be followed.

The order, insofar as appealed from, should be reversed, with $10 costs and disbursements, and the motion directing defendant Gray to appear to be examined by defendant Needes Express. Inc., denied, with $10 costs.

JOHNSTON, ADEL, WENZEL and MACCRATE, JJ., concur.

Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion directing defendant Gray to appear to be examined by defendant Needes Express, Inc., denied, with $10 costs.