TOBY SOMMERS, an Infant, by FRIEDA SOLOMON, Her Guardian ad Litem, Respondent, v. NEW YORK WORLD-TELEGRAM CORPORATION, Appellant.—■■■■

In a libel action examination should not be ordered on matters upon which the movant does not have the burden of proof (*McDougall* v. *News Syndicate Co.*, 275 App. Div. 1052); nor should a party be examined upon matters not arising from the pleadings (*Johansen* v. *Gray*, 279 App. Div. 108). Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., concurs in the modification insofar as it strikes out items 1 and 2 of the first ordering paragraph and refuses the examination with respect to such items, but dissents from the modification insofar as it strikes out the third ordering paragraph and items 3 to 7, inclusive, of the first ordering paragraph and refuses the examination with respect to such items, and votes to allow the examination as to those items, with the following memorandum:   The complaint alleges that on May 22, 1951, one Evers, an employee of defendant, interviewed youthful television and radio stars, including plaintiff, and at the conclusion of the interview took a photograph of plaintiff.   It is also alleged that on May 25, 1951, defendant published an article on talented, young entertainers, which article made particular reference to plaintiff, and at the same time published plaintiff's photograph.   It is further alleged that on June 12, 1951, defendant published an article with respect to a school girl who confessed being a ·dope addict, a burglar, and a prostitute, and attached thereto a photograph of plaintiff with her face blocked out.   Although it is not expressly alleged in the complaint that the photograph of plaintiff published on June 12th is the same as the photograph of plaintiff published on May 25th, a liberal construction of the complaint compels such an inference since it is averred that plaintiff was photographed only once and defendant published plaintiff's photograph on two occasions (May 25th and June 12th); therefore, the photograph published on June 12th must have been the same as the one published on May 25th. By items 3 to 7 plaintiff seeks to examine defendant as to the interview and taking of the photograph preparatory to the publication of the article on May 25th, the circumstances surrounding the publication of the June 12th photograph, and defendant's knowledge that the photograph published on June 12th is that of plaintiff published on May 25th.   In my opinion, items 3 to 7 not only come within the issues framed by the pleadings, but are material and necessary to show that defendant's publication of the photograph on June 12th was with such "gross negligence and carelessness as to indicate a wanton disregard of plaintiff's rights", with resultant malice, which it is plaintiff's burden to prove.   (*Hollien* v. *Tarrytown Daily News*, 235 App. Div. 869.)   It always has been the rule that in a libel action plaintiff is

entitled to examine defendant with respect to defendant's knowledge of the falsity of the article for the purpose of showing malice or to establish a basis for punitive damages. (*Mason* v. *New York Review Pub. Co.*, 154 App. Div. 651; *Guenther* v. *Ridgway Co.*, 159 App. Div. 74.) Carswell, Acting P. J., concurs with Johnston, J.