THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE LOMBAR-DOZZI, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of the crime of being a common gambler, and imposing sentence, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL WIRT-SCHAFTER, Principal. NATIONAL SURETY CORPORATION, Surety, Appellant.— Order denying motion to vacate a judgment against a surety based on forfeiture of a bail bond affirmed, without costs. This application was not made within a year after the forfeiture (Code Crim. Pro., § 598). Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur.

ARTHUR VIGNAPIANO et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal from an order and a judgment dismissing the complaint at the end of the plaintiffs' case. Judgment reversed on the law and new trial granted, with costs to abide the event. The plaintiffs were erroneously deprived of an opportunity to adduce their proof. Moreover, the interests of justice require a new trial. Appeal from order dismissed, without costs. No such order is printed in the record. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.

HARRY WAX et al., Appellants, v. REUBEN R. SACKS et al., Respondents.— In an action for slander, plaintiffs appeal from an order directing the examination, by defendants, of a witness. Order reversed on the law and the facts, with $10 costs and disbursements, and motion to vacate the notice of examination granted, with $10 costs. Respondents failed to show special circumstances warranting the examination of the person sought to be examined (Civ. Prac. Act, § 288). He is not a party or the agent or employee of a party to the action (Rules Civ. Prac., rule 121-a). Respondents deny they ever made to him any of the alleged scandalous statements which the plaintiffs have the burden of establishing. The examination is not sought to establish the truth of the alleged statements. (Cf. *Sommers* v. *New York World-Telegram Corp.*, 279 App. Div. 937.) Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur.

YETTA WEINBERG, Respondent, v. BUFFALO SAVINGS BANK et al., Defendants, and HARRY PORTNER, as Administrator of the Estate of LOUIS PORTNER, Deceased, Appellant.— In an action to recover the amounts deposited in two bank accounts in the name of defendant administrator's intestate, which plaintiff alleged were transferred to her by the intestate, defendant administrator appeals from a judgment in plaintiff's favor. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [See *post*, p. 951.]