Anthony J. Di Giovanna, J.
Motion to vacate a notice by one defendant to examine a codefendant is granted. It is deplorable that so much division of judicial opinion exists concerning the right of one defendant to examine a codefendant where neither asserts affirmative claims of relief against the other. *407 It might be helpful to have a further codification of rules respecting these examinations by the rule-making body. However, in this court’s opinion, an examination before trial should not be permitted where the use of the deposition will be unavailable to the moving party. Depositions taken in examinations before trial of adverse parties are generally usable in the following manner: Where the examination has been taken by the plaintiff of a defendant, it may be used by the plaintiff in the plaintiff’s case to prove facts material and necessary to the prosecution of the action. The plaintiff is entitled to use all of it or part of it, and is not compelled to put upon the witness stand the person whom he examined. In the event that he does not use the examination before trial, then the defendant is foreclosed from using it. If he uses part of it, then the defendant is permitted to use the remainder or any portion of 'the remainder, except that he may not thereafter ask similar questions of his own client, because such testimony would become repetitious and redundant. Repetitious and redundant questions should not be permitted at a trial.
Now, where a defendant has caused an examination of the plaintiff to be taken as an adverse party the rules are similar to those above. But of what avail is an examination before trial to one defendant of his codefendant against whom he has no cross claim or asks for no affirmative relief?
The plaintiff has received the notice of this motion but has not filed an opposing affidavit. If previous experience in these matters means anything then it is quite probable that the plaintiff will not even appear at the examination and will not participate in it. If that be so, the deposition would be useless for the defendant in an effort to defeat the plaintiff’s claim against him because the testimony therein contained would not be usable against the plaintiff. He could not use this testimony in his own case on the same theory as would prevail if he put the codefendant on the stand as his own witness, because the examination before trial is not sought as a witness under special circumstances but as an adverse party or as a party to the action. Consequently, the only use to which this deposition might conceivably be put would be that of admission against interest usable on cross-examination of the codefendant. The only purpose thereof would be in an attempt to “ hook ” the codefendant into the case for a total liability or a partial liability. There are Special Term decisions on both sides of this issue, some holding that rule 121-a of the Rules of Civil Practice has so liberalized the practice as to permit such examinations, and other decisions holding that rule 121-a did not change *408 the law as made under section 288 et seq. of the Civil Practice Act. The court is in accord with rules which liberalize practice, but merely saying that they are liberalized does not make it so. The rules could be considered liberalized only if some further enactment was made compelling the plaintiff to attend at an examination before trial by one defendant of his codefendant so as to make the testimony usable in the trial. Until that is done, it is the view of this court that there is no necessity for such an examination.
This decision is without prejudice to the right of the defendant, if so advised, to move for an examination of his codefendant on the ground that special circumstances exist. Such motion would of course be based upon affidavits showing the necessity therefor. Submit order.