D. Ormonde Ritchie, J.
These are five motions for orders directing examinations before trial of various of the litigants to this action in negligence.
The plaintiff seeks to examine all of the defendants and for production and discovery and inspection of books, records and documents specified in the notice of motion.
The defendant, Sorly Construction Company, Inc., moves for an order directing examinations before trial of the plaintiff and all of the codefendants.
The defendants Board of Education and Laurence J. Rice, Inc., move for an order directing examination before trial of the plaintiff and of the codefendants, Triangle Sheet Metal Works, Inc., George Campbell and Co., Dierks Heating Company and Sorly Construction Co., Inc.
The defendant Triangle Sheet Metal Works, Inc., moves for an order directing an examination before trial of the plaintiff and all of the codefendants and for production by the codefendants of books and records pertinent to the facts upon which examination is permitted.
The defendant Dierks Heating Company moves for an order directing examination before trial of the plaintiff and of all of the codefendants and for the production by the codefendants of books, records and documents pertinent to the facts upon which examination is permitted.
In the answers served to the complaint herein, the defendants Board of Education and Laurence J. Rice, Inc., generally deny *605 the allegations of plaintiff’s complaint and allege a cause of action against the defendants Triangle Sheet Metal Works, Inc., Dierks Heating Company and Sorly Construction Co., Inc., in a cross complaint; the defendant Sorly Construction Co., Inc., generally denies the allegations of plaintiff’s complaint and alleges a cause of action against the defendants Board of Education, Laurence J. Bice, Inc., Triangle Sheet Metal Works, Inc., George Campbell and Co. and Dierks Heating Company in a cross complaint; the defendant Dierks Heating Company generally denies the allegations of plaintiff’s complaint and alleges a cause of action against the defendant Triangle Sheet Metal Works, Inc., in a cross complaint. The answers of the defendants Triangle Sheet Metal Works, Inc., and George Campbell and Co., generally deny the allegations of the complaint. No cross complaints are alleged in the answers of the two last-named defendants. The answers of the defendants alleging cross complaints as well as those in which no cross complaints are alleged are set forth with particularity herein due to the conflict in Special Term decisions as to the right of codefendants to examine each other before trial as adverse parties in negligence actions in the absence of cross claims between them.
It has been held that rule 121-a of the Rules of Civil Practice permits examinations before trial by codefendants of each other as adverse parties in the absence of cross claims (Burdman v. Caruti, 140 N. Y. S. 2d 631; Powers v. Marrone, 206 Misc. 173; Fenwick v. Kappler, 205 Misc. 594). Conversely, it has been held that examinations of codefendants of each other as adverse parties is improper in the absence of cross claims between them on the ground that no issues of fact arise from the pleadings between them (Schimmel v. Spigal, 4 Misc 2d 406; Butterworth v. Sherman, 143 N. Y. S. 2d 372 [by the writer]; Zuckerbrow v. Lombardy Dresses, N. Y. L. J., Feb. 20, 1953, p. 589, col. 3). The Appellate Division of the third department permits examination by codefendants of each other in the absence of cross claims between them if the matters on which the examination is sought are material and necessary to the moving defendant’s defense of the action (Frost v. Walsh, 195 Misc. 391, affd. 275 App. Div. 1017). Despite the conflict in decisions upon the right to examine as adverse parties, codefendants may examine each other as witnesses providing the requirements of section 288 of the Civil Practice Act are met, one of which permits such examination where special circumstances render such examination proper.
*606 Originally an examination before trial was only permitted a party having the affirmative of the issues. That rule was subsequently abrogated and examinations permitted adverse parties regardless of the affirmative of the issue providing the evidence sought to be elicited was material and necessary to the prosecution or defense of the action., Bearing in mind this liberality, considered in conjunction with section 288 of the Civil Practice Act and rule 121-a of the Buies of Civil Practice, and bearing in mind that the primary function of an examination before trial is to facilitate and expedite the trial of the action, this court arrives at the conclusion that the better rule is to permit examinations before trial by codefendants of each other in negligence actions without the necessity of issues arising between them on the pleadings particularly where the cross complaints charge the codefendants with negligence without specification of the particular acts constituting the alleged negligence. Certain it is that if examinations before trial by codefendants of each other elicit evidence exonerating one or more of the defendants from negligent conduct creating liability to a codefendant, the trial is expedited.
In accordance with the views herein expressed, all motions herein are granted in their entireties.
The order of the examinations will be fixed as follows: Plaintiff’s examination of all defendants will proceed first. Thereafter, the defendant Sorly will examine plaintiff and the codefendants named in its notice of motion; the defendants Board of Education and Bice, Inc., will examine plaintiff and the codefendants named in their notice of motion; the defendant Triangle Sheet Metal will examine the plaintiff and the codefendants named in its notice of motion; and the defendant Dierks Heating will examine the plaintiff and the codefendants named in its notice of motion. In view of the multiple examinations the times and places thereof should be agreed upon by the parties hereto and it is suggested that the dates fixed shall be sufficiently in advance so as to permit the defendants to obtain bills of particulars. Failing such agreement, the times and places of the examinations will be fixed by the court. Separate orders are to be submitted hereon.