THERESA SCHNEIDER, Plaintiff, *v.* LESTER T. DOYLE, as Trustee of Surface Transportation Corporation of New York, Respondent; HORTENSE M. CASTONGUAY, as Administratrix of the Estate of EUGENE P. CASTONGUAY, Appellant, et al., Defendant.

First Department, July 1, 1958.

*James M. Gilleran* of counsel (*John J. O'Connor*, attorney), for appellant.

*Addison B. Scoville* of counsel (*Ludwig S. Mlott* with him on the brief; *Stuart Riedel*, attorney), for respondent.

*Per Curiam.* The issue presented on this appeal is whether codefendants in a personal injury tort action, in which no cross complaints have been served, may examine each other before trial, where no special circumstances are asserted. (Civ. Prac. Act, § 288; Rules Civ. Prac., rule 121-a.) The defendant administrator appeals from a Special Term order, which vacated a notice of examination served on the codefendant trustee. The plaintiff is seeking recovery against both, and neither of the defendants has served cross complaints against the other.

There is a divergence in policy in some of the departments of this court with respect to this problem. The Second Department has ruled that, under the circumstances outlined here, an examination before trial is not permitted (*Johansen* v. *Gray*, 279 App. Div. 108; *Sommers* v. *New York World-Telegram Corp.*, 279 App. Div. 937), whereas the Third Department permits such examinations (*Frost* v. *Walsh*, 195 Misc. 391, affd. 275 App. Div. 1017).

This court has not heretofore been called upon to determine the precise issue. Stemming from our keystone decision in *Dorros, Inc., v. Dorros Bros.* (274 App. Div. 11), it has been the policy of this department gradually to extend the effective arc of examinations before trial. The 10-year span since *Dorros* has amply proved the effectiveness of that determination and its beneficial purpose, in the full disclosure of all material and necessary facts before trial. As the court stated in its decision, through PECK, P. J. (p. 13): "Professional opinion, in the light of experience, has steadily moved in favor of broadening the permissible scope of examinations."

Section 288 of the Civil Practice Act provides, in part, that "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action." A reasonable interpretation of the section indicates that the deposition of a co-defendant in a personal injury tort action is material and necessary to the defense sought to be made by one seeking the examination, as does a realistic appraisal of the issues raised when multiple defenses are thus interposed.

We now deem it appropriate that the examination of one defendant by another be permitted. The Special Term order vacating the notice of examination before trial should be reversed on the law, without costs, and the motion denied.

BREITEL, J. P., M. M. FRANK, VALENTE, STEVENS and BERGAN, JJ., concur.

Order unanimously reversed on the law, without costs, and the motion is denied. Settle order.