J. Irwin Shapiro, J.
Motion by defendants in action No. 1 and by defendant in action No. 3 6‘ to strike out the Answer of the defendant, paúl margolin, in Action No. 1 and dismiss his Complaint in Action No. 3, upon the ground that he failed to appear for an Examination Before Trial on May 28, 1959, pursuant to a Notice of Examination Before Trial ” served upon his attorneys in said respective actions and which examination was adjourned from time to time, pursuant to a stipulation of counsel.
No papers in opposition are submitted by Paul Margolin as plaintiff in action No. 3. In action No. 1, where Paul Margolin is defendant, it is contended by his counsel that there was no necessity for him to appear for an examination before trial at the behest of his codefendants because there are no issues between them. There are no cross complaints between said codefendants.
The Appellate Division, First Department, has held that in a personal injury action codefendants .may examine each other before trial, even in the absence of cross complaints and the *377 existence of special circumstances. (Schneider v. Doyle, 6 AD 2d 122.) The Third Department is in accord. (Frost v. Walsh, 195 Misc. 391, affd. 275 App. Div. 1017.)
In 1951, in Johansen v. Gray (279 App. Div. 108,109-110), the Appellate Division, Second Department, held to the contrary:
‘ ‘ There is no provision in statute or rule authorizing an examination of a party to an action by another party thereto (as distinguished from examining him as a witness) in respect of an issue of fact unless it arises from pleadings between such parties. Testimony is not ‘ material and necessary ’ (Civ. Prac. Act, § 288) unless it relates to an issue of fact which so arises. Here there is no issue of fact between defendant Needes Express, Inc., and defendant Gray arising from their pleadings. Until such an issue so appears, an examination may not be permitted, as there is no basis upon which a determination can be made in respect of the burden of proof. * * * For these reasons, so far as Frost v. Walsh (275 App. Div. 1017, supra) is to the contrary, it may not be followed. ’ ’
The rationale of the Johansen case (supra) is that there is no basis upon which an examination before trial can be allowed by one defendant of a codefendant unless an issue arises between them under the pleadings, because under such circumstances no ‘1 determination can be made in respect of the burden of proof.” Of course the rule with respect to the burden of proof, so far as a right to examine a party before trial is concerned, no longer obtains. (Parker v. Culler Furniture Co., 278 App. Div. 135, 136; Rules Civ. Prac., rule 121-a, eff. July 1, 1952.)
The reason for the ruling of the Appellate Division, Second Department, in the Johansen case (supra) having disappeared, it is apprehended that upon the matter coming before that court again it will follow the rule in the Frost and Schneider cases (supra), and so it was held in Special Term decisions made subsequent to that determination. (Burdman v. Caruti, 140 N. Y. S. 2d 631; Pedersen v. Board of Educ. of Cent. School Dist. No. 2, 9 Misc 2d 603.) In Pedersen, after referring to various Special Term decisions permitting examinations by codefendants of each other, in the absence of cross claims between them, if the matters upon which examination is sought are material and necessary to the moving defendant’s defense of the action, the court said (p. 606): “ Originally an examination before trial was only permitted a party having the affirmative of the issues. That rule was subsequently abrogated and examinations permitted adverse parties regardless of the affirmative of the issue providing the evidence sought to be elicited was material and necessary to the prosecution or defense of *378 the action. Bearing in mind this liberality, considered in conjunction with section 288 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice, and bearing in mind that the primary function of an examination before trial is to facilitate and expedite the trial of the action, this court arrives at the conclusion that the better rule is to permit examinations before trial by codefendants of each other in negligence actions without the necessity of issues ■ arising between them on the pleadings particularly where the cross complaints charge the codefendants with negligence without specification of the particular acts constituting the alleged negligence. Certain it is that if examinations before trial by codefendants of each other elicit evidence exonerating one or more of the defendants from negligent conduct creating liability to a codefendant, the trial is expedited.”
This court is in full accord with the views thus expressed. Accordingly, the motion is in all respects granted, unless Paul Margolin, as defendant in action No. 1 and as plaintiff in action No. 3, appears for an examination before trial in the examination room of this court on July 29,1959, at 10 o ’clock in the forenoon of that day.
Submit order.