IRVING MILNER, Respondent, v. LONG ISLAND DAILY PRESS PUBLISHING CO., INC., Appellant.

Second Department, May 31, 1960.

Edward H. Blau and Edmund S. Wartels for appellant.

Joel H. Weinberg, Julius November and Edwin Stephen Schweig for respondent.

Per Curiam. In this action to recover damages for libel the complaint alleges the publication in appellant's newspaper of a

defamatory article concerning respondent. The answer, in addition to various denials, pleads two partial defenses.

Respondent served a notice that he would examine appellant before trial as an adverse party " with respect to the relevant and material allegations of fact put in issue by the pleadings ". Appellant moved to vacate the notice and the motion was denied.

On this appeal appellant contends (1) that the notice of examination failed to specify the matters on which the examination is sought, (2) that in a libel action an examination of the defendant is not allowed in the absence of a showing of special circumstances, and (3) that the matters with respect to which the examination is sought are not material or necessary to respondent's cause of action. Similar arguments were rejected at the Special Term.

We are in full accord with the determination under review. Although there appears to be a conflict of opinion with respect to the question presented, we adhere to the long-established rule in this Department which permits an examination before trial in a libel action, without proof of special circumstances (see *Groff* v. *Daily Review Corp.,* 248 App. Div. 773; *Wiener* v. *Long Is. Daily Press Pub. Co.,* 286 App. Div. 1108). The policy which has been adopted in matrimonial actions and which weighs against requiring testimony concerning marital and domestic relations (see *Argondizza* v. *Argondizza,* 284 App. Div. 976) does not ordinarily affect applications for examinations before trial in defamation actions. When a case is presented in which an examination sought in a libel or slander action will involve the taking of such testimony, it may then be decided whether, in the exercise of a proper discretion, special circumstances must be shown to obtain the examination. No such situation is presented in the instant case. The modern tendency is to extend, rather than to limit, the right to pretrial examinations.

We also believe, in view of the adoption in 1952, and the amendment in 1958, of rule 121-a of the Rules of Civil Practice, that the examination should not be limited in a defamation action to matters concerning which the party seeking the examination has the burden of proof, and that the party seeking the examination should not be required to specify in detail the matters concerning which the examination is sought. The rule now provides that any party, *in any action,* may cause to be taken by deposition before trial the testimony of any other party *regardless of the burden of proof* and that in *all actions* other than actions to recover damages for personal injuries or brought pursuant to section 130 of the Decedent Estate Law, or to recover damages for an injury to property brought in connection there-

with, except those in which by local rule or decision the party seeking the examination is required to establish special circumstances in order to obtain the examination, it shall be sufficient if the notice shall state that the examination shall be "with respect to the relevant and material allegations of fact put in issue by the pleadings in the action."

Since an examination before trial may be had in a libel action without proof of special circumstances there is no reason for denying to respondent the full benefit of the liberal policy now expressed in the rule. To the extent that our prior decisions (*Wiener* v. *Long Is. Daily Press Pub. Co.*, 286 App. Div. 1108, *supra*; *Wax* v. *Sacks*, 280 App. Div. 900) may be inconsistent herewith they may no longer be regarded as controlling authority in this Department.

The order insofar as appealed from should be affirmed, with $10 costs and disbursements.

NOLAN, P. J., BELDOCK, UGHETTA, CHRIST and PETTE, JJ., concur.

Order insofar as appealed from affirmed, with $10 costs and disbursements.