Harry Gittleson, J.
This motion is treated as one wherein a defendant in a negligence action seeks an order directing a codefendant to appear for an examination before trial pursuant to notice heretofore served.
The codefendant challenges the power of the court to grant such motion upon the ground that in this Department an examination before trial of a codefendant is not permitted in which no cross complaint has been served. (Johansen v. Gray, 279 App. Div. 108; Sommers v. New York World-Tel. Corp., 279 App. Div. 937.)
The moving party would have this court disregard Johansen and Sommers in view of contrary holdings in the First and Third Departments, to wit: Schneider v. Doyle (6 A D 2d 122); Henshel v. Held (17 A D 2d 806) (both 1st Dept.) and Frost v. Walsh (195 Misc. 391, affd. 275 App. Div. 1017).
However the court may be inclined to disregard Johansen, such disposition would be counter to the rule — “ The practice which regulates the conduct of an action is that which obtains in the county in which the venue of the action is laid ” (Johansen v. Gray, 279 App. Div. 108, 109). Consequently, the court is bound by the Johansen v. Gray decision.
Moreover, the papers submitted in support of the motion are fatally defective. There is no showing that the deposition sought is either “ material and necessary ” (Civ. Pr-ac. Act, § 288) nor has the pleadings been attached to the moving papers, thereby making it impossible for the court to determine the issues raised among the parties.
The motion is in all respects denied.