■ M B STEEL CORP., Appellant, v. UNITED STEEL WAREHOUSE CORP., Respondent.— In an action to recover the balance of the purchase price allegedly due for goods sold and delivered by plaintiff to defendant, in which defendant interposed a general denial, a partial defense of setoff, and a counterclaim for an amount in excess of plaintiff's demand, plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated November 13, 1964, which denied its motion pursuant to CPLR 3211 and CPLR 3212 to dismiss the "partial defense and set off" and "separate defense and counterclaim" and for summary judgment in its favor; and (2) as limited by its brief, from so much of an order of the same court, dated September 11, 1964, which denied its motion, pursuant to CPLR 3103 (subd. [a]), for a protective order modifying defendant's notice of pretrial examination so as to limit the documents required by such notice to be produced. Order dated November 13, 1964 affirmed, with $10 costs and disbursements. No opinion. Order dated September 11, 1964 modified as follows: (a) by striking out from the first decretal paragraph the provision denying plaintiff's motion to modify defendant's notice of pretrial examination; and (b) by substituting therefor a provision that plaintiff's motion is granted to the extent of striking out from the said notice the demand for the production of the books, records, etc., with respect to the matters enumerated in subdivisions (b) and (c) of plaintiff's notice of motion. As so modified, the said order, insofar as appealed from, is affirmed, without costs. Plaintiff's examination shall continue at Special Term, Part II, of the Supreme Court, Nassau County, on a date and hour to be specified by defendant upon 10 days' written notice to plaintiff or at such other time and place as the parties may mutually fix by written stipulation. In our opinion, the records demanded by defendant, referred to in subdivisions (b) and (c) of plaintiff's notice of motion, did not relate to any of the issues raised by the pleadings. Accordingly, they were not material and necessary in the prosecution or defense of the action (CPLR 3101, subd. [a]; cf. *Johansen* v. *Gray,* 279 App. Div. 108, 109). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ FLORENCE E. O'HART, Respondent, v. CARRIE DE LOATCH et al., Appellants.— In a negligence action arising out of a rear-end automobile collision, the defendants appeal from an order of the Supreme Court, Rockland County, dated July 28, 1964, which granted plaintiff's motion for summary judgment and directed an assessment of damages by a jury. Order reversed on the law and the facts, without costs, and motion for summary judgment denied. In our opinion, the record presents issues of fact which may not be resolved upon a motion for summary judgment (*Simon* v. *Appelbaum,* 9 A D 2d 695). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.