VITO LOMBARDO, Respondent, *v.* CONO L. PECORA, Appellant, PIERCE COACH LINES, INC., et al., Respondents.

Second Department, July 19, 1965.

*Eugene G. Lamb* and *Patrick F. Adams* for appellant.

*Chamberlin, Hartig & Ross* (*Robert Hill Nix* and *Paul A. Crouch* of counsel), for Pierce Coach Lines, Inc., and another, respondents.

CHRIST, J. The single issue presented by this appeal is whether a defendant in a personal injury action should be permitted to examine his codefendants before trial where no cross claims have been asserted among them.

Generally, the policy of this court has been not to permit such pretrial examinations (*Johansen* v. *Gray*, 279 App. Div. 108). In the First and Third Judicial Departments, however, a contrary policy has prevailed; such pretrial examinations have been allowed (*Frost* v. *Walsh,* 275 App. Div. 1017; *Schneider* v. *Doyle,* 6 A D 2d 122).

In the case at bar, plaintiff was a passenger in the car of the defendant Pecora when it collided with the car owned by the codefendant Pierce and operated by the codefendant Mulchinski. The suit by plaintiff is against the three defendants. There are no cross claims among the three codefendants, but each of them has denied the plaintiff's allegations of negligence.

We are urged to reconsider the rule enunciated in *Johansen* v. *Gray* (279 App. Div. 108, *supra*). We agree that, in the light of the new CPLR and the changing attitudes concerning pretrial examinations, such reconsideration is necessary. In 1951, when *Johansen* was decided, the rule still obtained that pretrial examinations were usually accorded only to the party having the burden of proof. In the following year (1952) this limitation as to the burden of proof was removed by the adoption of rule 121-a of the former Rules of Civil Practice. The changes made

by the present statute (CPLR 3101, subd. [a]) are even more extensive. That statute, in pertinent part, provides that: " There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ".

In addition to creating a divergence of views in the several Judicial Departments of the State, the *Johansen* rule has also resulted in conflicting decisions in our own Department (cf. *Di Tucci* v. *Donatelli*, 19 Misc 2d. 376, with *Di Geronimo* v. *Plotnick,* 39 Misc 2d 497; see, also, Carmody New York Practice [Forkosch ed.], p. 564, n. 43).

Two of the text writers on the subject prefer the rule in *Frost* (275 App. Div. 1017, *supra*) and *Schneider* (6 A D 2d 122, *supra*) which freely allows the pretrial examination of one codefendant by another (Carmody [Forkosch ed.] *op. cit., supra,* pp. 563–564; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.23, pp. 31–26 to 31–27).

We believe that the text of the present statute (CPLR 3101, subd. [a]), which provides for full disclosure without regard to burden of proof, has rendered obsolete our decision in the *Johansen* case and that its rule should be discarded. We also believe that, in the interest of achieving uniformity of practice in the several judicial departments of the State, we should now hold that full pretrial examinations of codefendants *inter sese* should be allowed with respect to all evidence which is material and necessary, even in the absence of a cross claim by the moving codefendant against the codefendant sought to be examined.

Accordingly, the order, insofar as appealed from, should be reversed on the law and in the exercise of discretion, without costs, and the defendant Pecora's motion, insofar as it seeks to examine his codefendants, should be granted.

The pretrial examination of the codefendants by the defendant Pecora shall proceed on 10 days' written notice or at such other times and places as the parties may mutually fix by written stipulation.

BELDOCK, P. J., BRENNAN, HILL and RABIN, JJ., concur.

Order, insofar as appealed from, reversed on the law, without costs; and the defendant Pecora's motion, insofar as it seeks to examine his two codefendants before trial, granted.

The pretrial examination of the codefendants Pierce and Mulchinski by the defendant Pecora shall proceed on 10 days' written notice, or at such other times and places as the parties may mutually fix by written stipulation.