Joseph Liff, J.
This motion by defendant in action No. 2 for an order to compel plaintiffs in action No. 1 to answer interrogatories is denied.
We are aware that while issue in action No. 1 was joined in October, 1969, action No. 2 was not begun until December of 1970 and issue there joined in March, 1971. A joint trial of the actions has been directed which would indicate that there are issues of law and fact common to both. There were two orders directing joinder. Apparently the first order was made April 26,1971 on default and the second on June 7,1971 on a rehearing. The note of issue and statement of readiness in action No. 2 was filed on May 24, 1971. On June 1,1971 the case appeared on the calendar and at the request of one of the parties it was adjourned for trial to August 9. The moving defendant here had ample opportunity in which to make the present application or to *464 make an application to strike the statement of readiness. Under the circumstances we may not deviate from the requirement that the statement of readiness rule (22 NTCRR 675.7) must be strictly enforced in' the absence of special, unusual or extraordinary circumstances (Wahrhaftig v. Space Design Group, 33 A D 2d 953).
We note also that pleadings have not been submitted although a fair interpretation of 22 NYCRR 785.16 would require that marked pleadings should accompany all applications to the court affecting a disclosure device.
We have set forth the reasons for the denial of the application. However an objection made by an attorney for the plaintiffs in action No. 1 merits comment. He urges that the defendant in action No. 2 cannot ask plaintiff to supply interrogatories because that defendant is not a party to action No. 1. This is a rather strict construction of CPLR 3130 which we would not favor if the question were before ns for determination. We would think that where actions are joined for trial and it has thus been determined that there are questions of law and fact common to both, any one of the parties to the actions should be free to require disclosure “ of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason ” (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406). Moreover, there appears to be no reason why the plaintiff in action No. 2 could not have pursued its claim in a third-party action (CPLR 1007) in which event the defendant in action No. 2 as a third-party defendant would have had all the rights of a party adverse to the others in the action (CPLR 1008). (Cf. Finkelstein Realty v. Rudensky, 52 Misc 2d 1082; Argento v. Beech & Bowne Bldg. Corp., 37 Misc 2d 513.)
Short-form order signed.