Leonard L. Fine, J.
This is a motion by plaintiff in Action No. 2 to examine the plaintiffs in Action No. 1. In a joint trial ordered previously by the court, the moving party is not a coplaintiff with the afore-mentioned plaintiffs nor is there any connection between them in this action other than that the actions are to be jointly -tried.
*802 CPLR 3101 (subd. [a], par. [4]) permits the examination of ‘ ‘ any person where the court on motion determines that there are adequate special circumstances.” Under the cases and rulings made in regard to this question, it would appear .that -a party to an action may examine even those persons who are not parties to that action or to any related action. Lombardo v. Pécora (23 AD 2d 460) represented a reversal of the prior policy wherein examination among parties who had no claim against each other were not permitted to examine each other.
We are urged to reconsider the rule enunciated in Johansen v. Gray (279 App. Div. 108, supra). * * * We believe that the text of the present statute (.CPLR 3101, subd. [a]), which provides for full disclosure without regard to burden of proof, has rendered obsolete our decision in the Johansen case and that its rule should be discarded. We also believe that, in the interest of achieving uniformity of practice in the several judicial departments of the State, we should now hold that full pretrial examinations of codefendants inter sese should be allowed with respect to all evidence which is material and necessary, even in the absence of a cross claim by .the moving codefendant against the codefendant sought to be examined.” (Lombardo v. Pecora, supra, pp. 461, 462.)
Since then the courts have moved beyond the language of Lombardo {supra), which seemed to .impose a restriction that the discovery be limited to parties in the same action, and extended the rule of liberal discovery to joint actions.
“ We would think that where actions are joined for trial and it has thus been determined that there are questions of law and fact common to both, any one of the parties to the actions should be free to require disclosure ‘ of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason ’ (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406).” (Rudolph v. Bowling Corp. of Plainview, 67 Misc 2d 463,464.)
While there is language indicating that .special circumstances should be present in order ,to induce the court to order the type of examination contemplated .in this case, it has been held in Kenford Co. v. County of Erie (41 A D 2d 587) that the “ mere showing ” of a need for such disclosure in order to prepare fully for trial should be sufficient to permit the court to direct such an examination. .
In the instant matter, it appears that the party operating one of the motor vehicles involved was killed as a result of the *803 accident and the administrator of her estate now seeks to examine the .two passengers in the vehicle as to events which preceded the occurrence. There had been an examination of these two plaintiffs in Action No. 1 by an impleaded party, in which examination it appeared that these passengers had no knowledge relating to the actual occurrence of the accident. Although counsel for the administrator was present, it does not appear that it would have been appropriate for him to conduct his examination of the passengers at that time. Since it appears that the areas upon which he seeks now to examine these two plaintiffs are different from the subject upon which they had previously been examined and since there are ‘ ‘ special circumstances ’ ’ present in this matter,, the examination of these parties should, in the interest of justice, be permitted, and accordingly this branch of the motion is granted.
The cross motion to preclude the plaintiffs Ackerman and Postal in the respective actions is granted unless the said plaintiffs serve their respective bills of particulars within 30 days after the service of a copy of the order to be made herein.