■ FRANK MCCRORY, Plaintiff, v HUMPHREY ELEVATOR & TRUST COMPANY, Defendant, DODGE MANUFACTURING, Respondent, and APPLIED INDUSTRIAL PRODUCTS, INC., Appellant. — Appeal dismissed, without costs, upon stipulation. (Appeal from order of Supreme Court, Erie County, Green, J. — discovery.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.

■ DEBORAH HAWKINS, Individually and as Administratrix of the Estate of HOWARD HAWKINS, Deceased, Appellant, v GENESEE HOSPITAL, Respondent, et al., Defendants. — Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff's decedent died of cardiac arrest shortly after receiving a general anesthesia containing a mixture of oxygen and nitrous oxide. Two weeks later another patient at defendant hospital died of nitrous oxide poisoning after being anesthetized. Shortly thereafter a third patient almost died while being anesthetized before it was discovered that the hoses to the oxygen tank and the nitrous oxide tank had been switched and the error corrected. Plaintiff therefore seeks to establish that decedent's cardiac arrest was likewise caused by nitrous oxide poisoning. To do so, plaintiff sought to depose hospital employees about the facts surrounding the two similar accidents and also about facts establishing a design modification of the oxygen and nitrous oxide tanks. Defendant hospital however obtained a protective order, arguing that evidence of design changes and similar accidents is admissible only in a strict liability claim. Defendant hospital also argues, citing no authority, that its employees may not be deposed because the strict liability claim is not alleged against it. The discovery section of the CPLR, however, provides that there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof by "a party" or an "employee of a party" (CPLR 3101, subd [a], par [1]). The practice commentaries to this section (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:13, p 17) point out that disclosure among various parties should be allowed, including codefendants who have not cross-claimed (*Lombardo v Pecora,* 23 AD2d 460), as well as a defendant against the plaintiff in another action where the two actions have been joined (*Rudolph v Bowling Corp. of Plainview,* 67 Misc 2d 463). There is no requirement in the CPLR that the evidence sought to be obtained be admissible against the party deposed. The protective order barring discovery must therefore be reversed. In a second order, defendants were directed to produce certain witnesses for further deposition. On appeal defendants raise a number of objections to this order, such as allegations that the questions were phrased too broadly or had already been asked and answered. Such contentions have no place in the context of an examination before trial, particularly where all objections except as to form are reserved. Nor is there any merit to defendant's contention that plaintiff has not demonstrated a need for "additional" depositions. This motion was brought by plaintiff not to obtain additional depositions but to obtain answers to questions asked at the first deposition at which defense counsel instructed certain witnesses not to answer questions. Finally, plaintiff is not foreclosed from asking questions about similar accidents because of a failure to appeal from this order. The order merely incorporated the previous order, which had become the law of the case. In view of our reversal of the first order, plaintiff is not foreclosed from seeking discovery of similar accidents and subsequent design changes and the second order is modified to the extent of deleting therefrom the proscription barring plaintiff from asking questions about similar accidents. (Appeal from order of Supreme Court, Monroe County, Boomer, J. — protective order.) Present — Dillon, P. J., Hancock, Jr., Callahan and Doerr, JJ.